## ATLANTIC INSURANCE CO. v. MANNING.

1. In an action on an insurance policy containing the following condition : " Or if the above-mentioned premises shall be occupied or used so as to increase the risk, or become vacant or unoccupied, or the risk increased by the erection or occupation of neighboring buildings, or by any means whatever within the control of the assured without the assent of this company indorsed hereon," then the policy to become void, etc.: *Held*, proper to instruct the jury, that upon this point the plaintiff could recover, if they believed from the evidence that " it was not within the control of the plaintiff to prevent such vacation."

2. When an instrument is prepared by the party to be held liable under it, and it is ambiguous in its terms, that construction is to be adopted which is most favorable to the promisee.

3. Overruling a motion for a nonsuit, with leave to plaintiff to introduce additional evidence, is within the discretion of the court and cannot be assigned for error.

4. Objections to preliminary proofs are waived, in an action on an insurance policy, by objections to payment of the policy upon other grounds. An allegation of compliance with a condition, is supported by proof that the underwriters waived the condition.

5. When letters are sent to a person on particular business, and an answer received in due course, a fair inference arises that the answer was sent by the person in whose handwriting it purports to be.

6. The belief of a witness as to the genuineness of a signature being founded on a knowledge derived from written correspondence, is competent testimony.

7. The rental of a building at the time of its destruction may be given in evidence as bearing upon the question of loss, but the rental two years prior thereto is too remote to be of value for that purpose.

### *Error to Probate Court of Arapahoe County.*

THIS was an action of assumpsit brought by George Manning, the defendant in error, against the Atlantic Insurance Company, the plaintiff in error, upon a policy of insurance.

It appeared on the trial that on the 23d day of November, 1874, Manning procured of the Atlantic Insurance Company a policy of insurance on a house owned by him in the town of Evans, Weld county, Colorado. The policy was for the sum of $1,500, and was for the period of one year from November 23d, 1874. About the 24th of December, 1874,

the house covered by the policy was destroyed by fire. The preliminary proofs having been made by Manning were delivered to William H. Worthington, the agent of the company, and by him forwarded to the home office. Worthington received by mail the following letter in reply:

OFFICE OF THE ATLANTIC INSURANCE COMPANY, }
No. 178 Broadway, N. Y. }

JOHN D. COCKS, President.        W. O. CORNELL, Secretary.

NEW YORK, *February 26th*, 1875.

*Messrs. Evans & Worthington, Agents, Denver, Col.:*

Your favor 19th inst. is at hand. Notice of cancellation of policy received; return the same with monthly account. We have received the proofs of loss under policy 26, account of George Manning. The same are unsatisfactory, as there is no claim under the policy, the risk being changed by the removal of H. C. Sherman, thus leaving the dwelling unoccupied, and so remained at the time of the fire, thus causing the policy to become void under the conditions of the same. You will please notify Mr. Manning to this effect, and oblige,                    Yours, Truly,

JOHN D. COCKS, *President.*

The policy, among others, contained the following conditions:

"Or if the above-mentioned premises shall be occupied or used so as to increase the risk, or become vacant or unoccupied, or the risk be increased by the erection or occupation of neighboring buildings, or by any means whatever within the control of the assured, without the assent of this company indorsed thereon, then and in every such case this policy shall be void."

It appeared in evidence that the house in question had been occupied by one Sherman during the summer of 1874; of that he was in the occupation of the premises on the 23d day November, 1874, as a tenant of Manning; that he moved into another house shortly before the fire, leaving in the

insured premises a quantity of his household furniture ; that this furniture had not been removed at the time of the fire ; that Sherman retained the keys of the premises and that his right of occupation would not have expired until the 1st day of January, 1875.

The policy contained the following recital :

"By this policy of insurance, the Atlantic Insurance Company, of New York, in consideration of $26.25 to them paid by the insured hereinafter named, the receipt whereof is hereby acknowledged, do insure George Manning against loss or damage by fire to the amount of fifteen hundred dollars ($1,500), on his two-story framed, shingled roof, dwelling-house, situated on lots numbers nineteen (19) and twenty (20), twenty-one (21) and twenty-two (22), in block number sixteen (16), in the city of Evans, county of Weld, Territory of Colorado."

The jury were instructed upon the question of the vacancy of the building, that if it was not within the means or control of the plaintiff he could recover. The instructions asked by the defendant omitted this qualification and were refused. The jury returned a verdict for $1,500 in favor of the plaintiff. The defendant filed a motion for a new trial, but the motion was denied and judgment rendered on the verdict.

Messrs. THOMAS & HEREFORD, for plaintiff in error.

Messrs. SYMES & DECKER, for defendant in error.

ELBERT, J. Under the authorities the construction placed by the court below upon the clause of the policy in controversy must be sustained.

In the case of the *North American Insurance Company v. Zaenger*, 63 Ill. 465, the clause construed is in language, grammatical structure and punctuation, similar to the one under consideration. The rule of construction adopted by the supreme court in the case of *Insurance Co.* v. *Slaughter*, 12 Wall. 404, is also clearly applicable in this case. At best the clause in question must be held to be ambiguous, that

is to say, a case where the judgment hesitates between two imports, unable to determine which of the two was intended. In such case the rule is well established that where the preparation of an instrument is left to the party to become liable under it, and its meaning is doubtful, by reason of the use of ambiguous or obscure language, other things being equal, the construction is to be adopted which is most favorable to the promisee. *Merrick* v. *Germania Fire Ins. Co.*, 54 Penn. 277; *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 413, and cases cited.

Under this construction of the clause in controversy the instructions given by the court below correctly pronounced the law upon the evidence, and the instructions asked by the defendant were properly refused.

Overruling the defendants' motion for nonsuit with leave to the plaintiff to introduce additional evidence was entirely within the discretion of the court, and is not ground for exception.

Nor was there error in overruling defendants' second motion for a nonsuit, as there was sufficient evidence to take the case to the jury.

As the evidence in the case was pertinent alone to the general issue, it is unnecessary to enter into any discussion of the several special pleas.

The fourth, sixth and eighth assignments of error are to testimony improperly admitted, but wholly irrelevant and immaterial, and which could not have prejudiced the defendant; nor can it be said that the defendant was prejudiced by the testimony of the witness Manning, touching his ownership of the property in question.

The recitals of the policy of insurance, before introduced, were *prima facie* evidence of the plaintiff's title. *Nichols* v. *Fayette Ins. Co.*, 1 Allen, 63; *Fowler* v. *U. S. Ins. Co.*, 23 Barb. 143.

The preliminary proofs were sufficiently identified by the witness Worthington to take them to the jury, and any objection to them, as not in strict compliance with the require-

ments of the policy, was waived by the letter from the president of the defendant company. It is well settled that objections to preliminary proofs are waived by objections to payment on other grounds. *Post* v. *Ætna Ins. Co.*, 43 Barb. 357; *Peoria Ins. Co.* v. *Whitehill*, 25 Ill. 466.

It was also competent for plaintiff to show this waiver under the averments in his declaration. An allegation of compliance with a condition is supported by proof that the underwriters waived the condition. 2 Phillips' Ins., § 2122; *Pim* v. *Reed*, 6 Mann. & G. 1.

It is claimed, however, that the letter of the president of the defendant company was improperly admitted in evidence, as there was no sufficient proof of the signature. There was no occasion to prove the handwriting of the president in this case. It was in evidence that the agent, Worthington, had forwarded the preliminary proofs by post, to the defendants, and had received this letter in reply by due course of mail. This brought the letter within the rule laid down in the case of *Overstone* v. *Wilson*, 2 Carr. & Kerw. 1. In that case the plaintiff's attorney had addressed a letter to the defendant at his residence and sent it by post, to which he received a reply purporting to be from the defendant; and it was held that the letter thus received was admissible in evidence, without proof of the defendant's handwriting. 1 Greenleaf's Ev., § 573, *a.*

The rule is founded on presumptions arising from the ordinary course of business, and by a like rule, based on like considerations, the *identity* of the correspondent may be inferred. In the case of *Casey* v. *Pitt*, Peake's Add. Cases, 130, Lord KENYON held that if letters are sent, directed to a person on particular business, and an answer is received in due course, a fair inference arises that the answer was sent by the person whose handwriting it purports to be. 2 Phillips' Ev., p. 503, note 481.

Again, the witness Worthington was, at the date of the letter, and had been prior thereto, the agent of the defendant company, and as such, in correspondence with Cocks, the

president, concerning business of the company.   One of the recognized methods of acquiring a knowledge of handwriting is by means of written correspondence, and the belief of the witness as to the genuineness of the signature, being founded on his knowledge, derived from this source, his testimony was competent.   2 Phillips' Ev. 599; *Titford* v. *Knox*, 2 Johns. Cases, 210 ; 8 Pick. 143.

The rental of a building at the time of its destruction may be given in evidence as bearing upon the question of loss (*Cumberland M. P. Co.* v. *Schell*, 29 Penn. 31), but the rental at the time of its erection in this case, two years prior to the fire, we regard as too remote and circumstantial to be of any value for that purpose.

So, too, the evidence offered to show that the defendant company never insured unoccupied property was inadmissible.   This was a question of construction on the face of the policy, and parol testimony was properly rejected.   2 Phillips on Insurance, 2119.

We find no substantial error in the record, and the judgment is affirmed with costs.

*Affirmed.*