[No. 3615.]

## The Supreme Lodge, Knights of Honor, v. Davis.

1. Practice — Pleading — Amendment under Penalty — Error Waived.

Where an amendment to a pleading is allowed conditioned upon the payment of a penalty, and the pleader complies with the condition, pays the penalty and amends his pleading, he waives any error that may have been committed by the court in imposing the penalty as a condition to the allowance of the amendment.

2. Mutual Benefit Insurance—Beneficiary—Burden of Proof.

In an action upon a benefit certificate issued by a mutual benefit society, the beneficiary named is presumed to be a legal one, and if the society would avoid liability on the ground that the beneficiary is not one allowed by the charter and laws of the society to become a beneficiary, the burden is on the society to prove that fact.

3. Mutual Benefit Societies—Insurance.

A mutual benefit society, so far as its insurance feature is concerned, is a mutual insurance company, and is subject to the same general rules of law.

3a. Mutual Benefit Societies—Principal and Agent.

In a mutual benevolent order composed of a supreme lodge and subordinate lodges, an officer of a subordinate lodge charged with the

duty of notifying the members of assessments made by the supreme lodge for the purpose of paying insurance certificates of deceased members, and of collecting and forwarding to the supreme lodge such assessments, is an agent of the supreme lodge, notwithstanding a rule or by-law of the order recites that such officer in collecting and forwarding assessments shall be the agent of the members of the subordinate lodge, and the supreme lodge is charged with all knowledge possessed by the agent in making the collection.

3*b*. SAME—MISREPRESENTATIONS—NOTICE—EVIDENCE.

In an action on an insurance certificate issued by a mutual benefit society, the order cannot escape liability on the ground that deceased misrepresented his age at the time he joined the order, and procured the certificate under such false representations, where the order continued to receive assessments after the financial officer of his lodge who collected the assessments had knowledge of the alleged misrepresentations; and it was not error to refuse to admit evidence of such misrepresentations.

4. MUTUAL BENEFIT INSURANCE—ASSESSMENTS—TENDER.

Where the holder of a mutual benefit insurance certificate tendered an assessment and it was refused upon the ground that the insured was no longer a member of the order, he lost no rights by failing to tender subsequent assessments, unless he had been notified that the assessments would be accepted.

4*a*. SAME.

Where the local officer of a mutual benefit society whose duty it was to collect assessments from members had been accustomed to receive assessments paid at his store to an employee and to his daughter, and had recognized their authority to receive the assessments for him, a tender of an assessment made either to the employee or to the daughter would be as effective as if tendered to the officer himself.

5. MUTUAL BENEFIT INSURANCE—PROOF OF DEATH.

In an action upon an insurance certificate issued by a mutual benefit society, the society cannot defend upon the ground that proofs of death have not been furnished as required by the rules of the order, where it appears that prior to the death of insured the society had repudiated all liability upon the certificate sued on.

6. EVIDENCE—IMMATERIAL ERROR.

Error in admitting testimony is immaterial where the evidence admitted could not possibly affect any issue in the case.

7. APPELLATE PRACTICE—INSTRUCTIONS—EXCEPTIONS.

Where by consent the court charged the jury orally, and the instructions which were general were afterwards extended and paragraphed but not numbered, an exception in form "to the giving of each and every of said instructions, the defendant, by its counsel, objected

and excepted " is insufficient to bring up for review alleged errors in the court's charge.

*Appeal from the District Court of Arapahoe County.*

This action was originally brought by Mrs. Luie Davis, as plaintiff below, against defendant (appellant here), on a benefit certificate issued by the latter to one J. R. Davis, in which she was designated the beneficiary. Plaintiff having died prior to the trial, her administrator was substituted. The defenses interposed are that she was not a legal beneficiary; that assured had misrepresented his age at the time he became a member of the order; that all rights under the certificate were forfeited by failure to pay the assessments thereon; and that satisfactory proof of the death of Davis had not been furnished, in accordance with the rules of the order prior to the institution of this action. For reply plaintiff pleaded that defendant had levied and received assessments after knowledge of the alleged misstatements regarding the age of assured; that all assessments prior to July, 1890, had been paid within the time required; that the assessments for that month were tendered in due time, but refused, upon the ground that Davis was no longer a member of the order. Verdict and judgment for plaintiff, from which defendant appeals.

Upon the record numerous errors are assigned by appellant, but those necessary to consider in connection with the incidental and collateral ones arising, are embraced in the following:

1. Action of the court in imposing a penalty of $100, as a condition precedent to permitting the answer to be amended.

2. Was Mrs. Luie Davis a legal beneficiary?

3. Misrepresentations of deceased regarding his age, at the time he applied for admission to become a member of the order.

4. Forfeiture of rights under the certificate by failure to pay assessments.

5. Failure to furnish the required proofs of death, in accordance with the rules of the order.

6. Excluding and admitting evidence.

7. Giving and refusing instructions.

Mr. FRANK J. MOTT and Mr. NOAH M. GIVAN, for appellant.

Mr. H. N. HAYNES and Mr. J. C. HELM, *amici curiæ*.

Mr. THOMAS B. STUART and Mr. CHAS. A. MURRAY, for appellee.

MR. JUSTICE GABBERT delivered the opinion of the court.

1. The application of appellant for leave to amend its answer, was granted, conditioned upon the payment of $100 for the use of plaintiff. The penalty imposed was paid, and the answer amended. The civil code, section 75, provides that for cause the court may, upon just terms, allow pleadings to be amended. Its action in this respect may be the subject of review in a proper case, but where the party making such application is granted leave conditionally, it is optional with him to accept or not, upon the terms imposed, and if he assents thereto by complying with such conditional order, and avails himself of the leave granted, there is nothing to review. Having acquiesced in the judgment, he has waived any error which the court may have committed in the imposition of a penalty as a condition precedent to the allowance of the amendment requested. 1 Ency. Pl. & Pr. 648; *Smith v. Rathburn*, 75 N. Y. 122; *Austin v. Wauful*, 13 N. Y. Sup. 184.

2. The appellant was originally incorporated by an act of the legislature of the state of Kentucky, and under the charter thus granted, any one could be named as beneficiary in benefit certificates which it might issue. Later the order was further incorporated under the laws of Missouri, by the laws

of which state only members of the family of the assured, or some one dependent upon him, could legally be named as beneficiary. By its charter thus obtained, the same limitations are reserved regarding beneficiaries that were imposed by the laws of that state. The original certificate was issued to deceased under the charter obtained from the state of Kentucky, but this was voluntarily surrendered and one taken after appellant incorporated under the laws of Missouri, and is the one sued upon in this action. In this certificate deceased directed that the sum to be paid out of the widows' and orphans' benefit fund of the order should be paid to his daughter, Mrs. Luie Davis. The evidence established that she was his daughter-in-law, and it is contended by appellant that, by reason of this fact, and further evidence on the subject of the relationship between deceased and the beneficiary, she was not a member of his family, within the legal acceptation of that term, and as there was no evidence that she was in any manner dependent upon him for support, a recovery is precluded. There was no evidence that she was not dependent upon deceased, and even if it be true, that by virtue of the limitations imposed by the laws of Missouri and the charter of appellant in conformity therewith, that only those belonging to the classes therein designated can be legally named as beneficiaries in the certificates issued by the order, that is a defense, and must be affirmatively established, for the presumption would be, in the absence of proof to the contrary, that the person named as the beneficiary is a legal one, and notwithstanding the description by relation to the assured of the person thus designated may not have been strictly correct, was selected by him from a class authorized to take as such, and the burden is on the insurer to establish the contrary.

3. One of the defenses interposed by appellant was, that deceased, at the time he became a member of the order, misrepresented his age. By the rules of the order, the amount of the assessments imposed upon each member whose beneficiary is entitled to share in the widows' and orphans' benefit fund, is regulated by the age of the member at the time of

his admission. They also provide that persons above a certain age at the time of their application for membership in the order, cannot participate in this fund. The representations of deceased regarding his age when he applied to become a member were of that character, if shown to be false to his knowledge, as to render him ineligible to share in the insurance benefits of the order. In support of this defense, appellant sought to introduce the records of the Old Men's Home, at Cincinnati, from which it appeared that deceased, when he entered that institution, had, in his own handwriting, recorded himself of such age that his statements regarding it when he entered the order were not true, which evidence was excluded, and this ruling of the trial court, is one of the errors assigned by appellant. Whether or not this evidence should have been admitted depends upon the character of the business in which appellant is engaged, the relationship which the subordinate lodges and their officers bear to it, and what was established with reference to the knowledge of appellant regarding these misstatements. It appears from the evidence, which is uncontroverted, that in May, 1890, the beneficiary notified the financial reporter of the local lodge to which Davis belonged, that the age of deceased was greater than represented when he became a member, and that after this knowledge, the assessments for May and June following were received and retained. Appellant is a benevolent association, one object of which, upon the death of the assured, is to pay to the beneficiary named in the certificate issued the deceased, a specified amount. This fund is supported by assessments on the members holding benefit certificates, and when there is not sufficient to pay the amount called for by any certificate, notice is sent by the supreme lodge to each subordinate organization of that fact, and each member entitled to participate in such fund, and desiring to preserve that right, is then required to pay to the financial reporter of the subordinate lodge to which he belongs the amount of his assessment. Each lodge, through its proper officer, remits the amount so collected to the supreme lodge. In as far as the insurance feature of the organization

is concerned, it is, in effect, a mutual life insurance company, and the general rules governing associations of that character control it in the transaction of this branch of its business. *Commonwealth v. Wetherbee*, 105 Mass. 145; Bacon's Benefit Societies, §§ 52, 146, 162.

A rule or by-law of the order recites that financial reporters and other designated officials of subordinate lodges, in collecting and forwarding assessments to the supreme treasurer, shall be the agents for the members of their lodges, and not the agents of the supreme lodge. It is not the mere recitation of a by-law which, alone, determines the relationship which officers or subordinate lodges sustain to the members, but rather, the character of the business transacted by them which must be considered in determining this question. Bacon's Benefit Societies, § 153. The funds which are realized from the collection of assessments for the benefit of the insurance fund of the order are collected at the instance and under the direction of the supreme lodge or certain of its officers. The money so collected is, in effect, a premium paid by each member of the subordinate lodges contributing thereto for the continuation of his insurance; it is the discharge of a liability which, under the rules of the order, has been imposed upon him, by the action of the supreme lodge. He liquidates it in the manner designated; pays it in for the benefit of the treasury of the supreme lodge, and thus keeps alive his contract of insurance with it, and notwithstanding that this organization, under its rules, has attempted to make subordinate lodges and their officers the agents of the members, the character of the business transacted, the method adopted in determining and collecting assessments, the purpose for which they are paid, and for whose benefit they are collected, makes those upon whom, according to the rules of the order this duty is imposed, the agents of the supreme lodge. Niblack's Benefit Societies, § 276; Bacon's Benefit Societies, § 149.

A material, willful misstatement of an applicant for membership in the order regarding his age, would doubtless vi-

tiate the contract of insurance if not known by the lodge or its officers to whom applications for membership are addressed. As already noticed, the amount of each assessment is regulated by the age of the member at the time of his admission. The agent to whom is intrusted the duty of collecting assessments will be presumed to only accept them from those who are legally entitled to continue their contract of insurance, so far as he is affirmatively possessed of any knowledge affecting their qualifications, or rights, in this respect. It will also be presumed that he has communicated all information to the order which he obtains in the discharge of his duties in making collections on its behalf, which affects its rights; or, if he has not, still the order having intrusted him with the particular business, the member paying his assessments to him has the right to deem his acts and knowledge those of the order; or, otherwise stated, the agent authorized by the association to accept money for its benefit, must necessarily be charged with knowledge of all facts accompanying and affecting its acceptance. Appellant could not continue to collect assessments after knowledge of misstatements regarding the age of deceased which would affect its rights, and then, when the contract is executed, escape liability upon the ground that he was guilty of a fraud in procuring his insurance, and the financial reporter of the subordinate lodge of which deceased was a member, having received his assessments after notice of alleged misrepresentations regarding his age, and being the agent of the order for the purpose of making these collections, the knowledge which he then had regarding the age of deceased, or his misstatements on that subject, was the knowledge of the order (*McGurk v. Met. L. I. Co.*, 56 Conn. 528; Bacon's Benefit Societies, § 160; *Coolidge v. Life Ins. Co.*, 1 Mo. App. 109), and its acceptance and retention of these assessments, with that knowledge, is a waiver of its right to now raise any question on that subject; and, therefore, whether the evidence sought to be introduced by appellant, regarding the age of Davis, was competent or incompetent, it is not necessary to determine,

for, according to the admitted facts, it was precluded from asserting that defense in this action. Niblack's Benefit Societies, pp. 565, 566; *Schwarzbach v. Ohio Valley Protective Union*, 25 W. Va. 622; *Watson v. Centennial Mut. L. Assn.*, 21 Fed. Rep. 698; *Ball v. Granite State Mut. Aid Assn.*, 64 N. H. 291; *The Masonic Benefit Assn. v. Beck*, 77 Ind. 203.

4. Appellant contends that deceased was suspended for the non-payment of the July, 1890, assessments, while the contention of appellee is, that they were tendered within the time required by the laws of the order, and payment refused upon the ground that Davis was no longer a member. This tender is denied by appellant, and whether or not it was made, was a controverted question of fact on the trial of the case below. A question is also raised as to whom this tender may have been made. The financial reporter did not always receive assessments personally. In many instances they appear to have been paid to an employee in his store, or his daughter, whose actions in receiving the assessments were not objected to by him; on the contrary, it appears that when so paid, he took the money and accounted for it to his lodge. It is conceded that no assessments subsequent to July, 1890, were either tendered or paid by Davis or any one for him. He died on the 16th day of November, 1891. Counsel for appellant insists that, conceding that the assessments for July, 1890, were tendered as claimed, by appellee, the failure to tender the subsequent assessments as they matured precludes a recovery. If it was true that the July assessments were refused, upon the ground alleged by appellee, what possible benefit could it have been to either the order or deceased, if the latter had continued to tender subsequent assessments? If he had been notified that he was no longer a member, or that no money on account of his insurance would be received in the future, he would know that it was a useless act to tender further assessments, because they would be refused; he was not required to perform a vain or useless act; and so long as he had no notice from appellant, that it would accept his assessments, then no duty was imposed upon him to at-

tempt to pay them; and he, therefore, lost nothing by his failure to tender those which might have been imposed between July, 1890, and the date of his death, for it was the fault of appellant, if the contention of appellee be true, that they were not paid. *Girard Ins. Co., Admr., v. Mut. L. I. Co.*, 86 Pa. St. 236; *Miesell v. Globe Mut. L. I. Co.*, 76 N. Y. 115; *People v. Empire Mut. L. I. Co.*, 92 N. Y. 105; *Meyer v. Knickerbocker L. I. Co.*, 73 N. Y. 516.

Whether or not the July, 1890, assessments were, in fact tendered to the financial reporter or to an employee, or his daughter, who had been in the habit of collecting them, is immaterial, because if the method of collecting assessments by the employee or daughter was generally adopted by the reporter, a tender to those whom he recognized as authorized to receive them would have the same effect as if tendered to him personally.

5. It is claimed by appellant, that this action should not be maintained because of the failure of the beneficiary to furnish the required proofs of the death of J. R. Davis, in accordance with the rules and regulations of the order. It appears from the evidence, as well as a defense interposed in this case, that long prior to the death of Davis, the appellant had repudiated all liability on the certificate sued upon; and, therefore, could not insist upon the proofs of death usually required by its rules or contract of insurance. Bacon's Benefit Societies, § 436; *Hartford Fire Ins. Co. v. Smith*, 3 Colo. 422; *Cal. Ins. Co. v. Gracey*, 15 Colo. 70.

6. A copy of the charter granted appellant by the state of Kentucky was admitted in evidence over its objection, and this is, also, assigned as error. The only possible effect which this evidence could have exerted upon the jury was that, by its terms, there was no limitation regarding the beneficiary. The issue tendered by appellant, that the beneficiary was not a legal one, was not supported by any affirmative evidence, and the admission of this document did not prejudice appellant, and it is, therefore, unnecessary to determine whether it was properly admitted or not.

7. The remaining questions presented by counsel for appellant are those raised on the instructions given by the court and the refusal of those tendered by appellant.   By consent of counsel the court charged the jury orally; the charge was a general one, which was subsequently extended and paragraphed, but not numbered.   The exceptions and objections thereto by counsel for appellant were in the following language:  "To the giving of each and every of said instructions, the defendant, by its counsel, objected and excepted."   The point is made by counsel for appellee, that such an exception or objection to a charge so given, raises no question for review thereof.   As already noted, the charge was general. The fact that in subsequently extending it, the stenographer separated it into paragraphs did not change its character in this respect.   The objections made in no manner enlightened the trial judge regarding alleged errors in the charge, which are now insisted upon, nor gave him any opportunity to correct them, if any were committed.   The practice which has obtained, of making objections without in any manner specifying the reasons upon which they are based, should not be encouraged.   Objections so made are of no assistance to the trial judge; in no manner aid him in correcting errors into which he may have fallen in formulating his instructions; operate as a mere drag-net which counsel casts out at random, to draw in at leisure, and examine for results, long after the time the errors alleged to have been committed have caused the mischief of which he subsequently complains, and which he might have prevented by acting in apt time.   Such a practice is unfair to the trial court, as well as litigants, and no objections to instructions ought to be considered sufficient to permit a review thereof, unless so framed that the attention of the trial judge, at the close of his charge, has been specifically directed to the alleged errors therein, and an opportunity thus afforded to correct them.   If counsel would observe these requirements, and the trial judge, when requested, extend them a reasonable opportunity to so prepare their objections, many errors which this court is called upon

to review would be corrected below. Under repeated decisions, the objections in this case are insufficient to bring up for review the alleged errors in the court's charge. *Keith v. Wells*, 14 Colo. 321; *Edwards v. Smith*, 16 Colo. 529.

The final question raised by counsel for appellant, is, whether or not the court erred in refusing any of the numerous instructions requested on its behalf. We do not deem it necessary to notice them in detail, or attempt to state them in substance, as we are satisfied, from the views expressed upon the questions involved in this case, that they either fail to correctly state the law, or were not applicable to any of the questions which were controverted.

We find no error which would warrant a reversal, and the judgment of the district court is, therefore, affirmed.

Appellee, under the issues made by the pleadings and the facts established, has been adjudged entitled to a strict enforcement of the contract of insurance, and although the failure of deceased to comply strictly with the terms of his contract has been excused, yet, inasmuch as appellant must now do so, it is, also, entitled to have its contract enforced. For that reason, the cause is remanded to the trial court, with directions to take an account of the money which appellant may establish its right to receive on the contract of insurance, if, through its counsel, it requests this relief within a reasonable time, and upon notice to appellee; and upon determination of the amount of such account, direct that it be applied upon the judgment in this case.

*Affirmed.*