[No. 4681.]

# THE PREFERRED ACCIDENT INSURANCE COMPANY v. FIELDING, ADMINISTRATOR OF EMANUEL'S ESTATE.

### 1.  Accident Insurance—Burden of Proof—Presumption.

In an action upon a policy of accident insurance against death from  bodily injuries caused solely by external, violent and accidental means the burden of proof is upon the plaintiff to show that death resulted from injuries accidentally inflicted; but where it is shown that death was caused by unexplained violent external means the presumption is that the injuries were accidental, and plaintiff's cause is prima facie established without direct or positive proof upon that point.

### 2.  Same—Evidence.

In an action upon an accident insurance policy evidence that the death of the insured resulted from burns upon his body caused either by acids, molten iron or direct contact with a red-hot object was sufficient to sustain a judgment for plaintiff without showing how the burns were inflicted, although the insured stated that he had not been injured, but that the injuries resulted from natural causes.

### 3.  Same—Proximate Cause of Death.

In an action upon an accident insurance policy testimony to the effect that the results which followed an injury as its necessary consequence, and which would not have taken place had it not been for the injury, caused the death of deceased, was sufficient to support the conclusion that the injury was the sole and proximate cause of death.

### 4.  Accident Insurance—Notice—Forfeiture.

A failure of the insured or beneficiary under a policy of accident insurance to comply with a requirement of the policy for immediate notice of injury will not work a forfeiture of the policy unless by express terms of the policy or by necessary implication such was the contract of the parties.

### 5.  Same.

Where an accident insurance policy required immediate notice of injury to be given to the insurance company, but did not provide that a failure to give such notice should work a forfeiture of any claim for injury, and there was no general clause providing for a forfeiture for a failure to comply with the terms of the policy, a provision in a clause relating to proofs of death that a failure to furnish such proof within a specified time should forfeit any claim on account of such death would indicate an

intention of the parties to limit forfeiture to the particular matters expressly provided for in the policy and would not imply an intention of forfeiture for failure to give notice of injury as required.

**6.   Insurance—Contracts—Construction.**

Where the terms of a policy of insurance are not clear or are susceptible of two constructions the one which is most favorable to the insured will be adopted.

**7.   Insurance—Proof of Death—Waiver.**

An insurance company cannot require as preliminary proof of death the affidavits of persons having personal knowledge of the circumstances of the death or the injuries that caused it, and where the accident insurance company returned death proofs because the affidavits were not made by persons having such knowledge and demanded proofs which the policy did not obligate the beneficiary to furnish it waived the preliminary proof which the policy did require.

**8.   Same—Premature Suit.**

Where an insurance company returned preliminary proofs of death tendered and demanded proofs which the policy did not require it waived a provision in the policy that suit could not be maintained thereon before the expiration of a specified time after the preliminary proofs were furnished.

*Appeal from the District Court of Arapahoe County: Hon. Booth M. Malone, Judge.*

Action by appellee (as plaintiff) in his capacity as administrator of the estate of William H. Emanuel, deceased, to recover from the defendant on an accident insurance policy. From a judgment for plaintiff the defendant appeals.

Mr. SYLVESTER G. WILLIAMS, for appellant.

Mr. FRED W. PARKS and Messrs. WALDRON & THOMPSON, for appellee.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

Plaintiff claimed that the death of deceased was caused by injuries accidentally received. The first question we shall consider is the contention on behalf

of counsel for the defendant that the testimony on the part of the plaintiff failed to establish that these injuries were the result of an accident. A witness testified that he met the deceased about 5 o'clock of the afternoon of April 10, 1901, at a hotel in New York city; that they sat down and talked about half an hour; that he felt badly over his father's death, which had recently occurred, but seemed in perfect health, and was cheerful over his business prospects; that deceased left him about 6 o'clock, saying that he had to meet his brother. About 10.30 that evening his brother found him in bed, sick, at a hotel, claiming that he was ill from natural causes. His brother slept that night in a room adjoining his, and left him next morning about 6.30 for the purpose of meeting the vessel which was to arrive from England bearing the remains of their father. The deceased was too sick to go with him, but subsequently went to the home of their deceased father, reaching there about 7 o'clock that evening. From that time up to the hour of his death he was confined to the house, except for a short time on the day of his arrival he visited a nearby club, and again on Friday, April 12, visited the club and a drug store a few blocks distant. His actions from the time of his arrival indicated that he was suffering intense pain. On Sunday, April 14, burns were discovered on his body, which, according to the testimony of a physician, were then two or three days old, and were caused or produced either by acids, molten iron, or direct contact with a red-hot object. The deceased claimed that he had not been injured in any way, but rather that what was designated burns upon his body were the result of natural causes. He probably procured a lotion at the drug store which he applied to his injuries prior to the date when a physician was called, but his hands were not injured or discolored.

The policy sued upon provides that the defendant company "doth insure  *   *   *  against the effects of bodily injuries caused solely by external violent and accidental means, to wit:  *   *   *  (d) If death shall result solely from such injuries  *   *   * the said company will pay the sum of five thousand dollars ($5.000)  *   *   * ."

· In actions on policies of insurance of this character the burden of proof is upon the plaintiff to show that the death of the assured was caused by external violence and by accidental means; but when is this burden discharged in making a *prima facie* case? When death by unexplained violent external means is established the law does not presume suicide or murder; it does not presume that injuries are inflicted intentionally by the deceased or by some third person; and hence, with the proof indicated, by reason of the presumption which attaches against self-destruction or the violation of the law, *prima facie* proof is also made of the fact that the injuries were accidental without direct or positive testimony on that point.—*Travelers Ins. Co. v. McConkey,* 127 U. S. 661; *Lampkin v. Travelers Ins. Co.,* 11 Colo. App. 249; *Cronkhite v. Travelers Ins. Co.,* 75 Wis. 116; *Jones v. Accident Ass'n,* 92 Iowa 652; *Stephenson v. Bankers Life Ass'n,* 108 Iowa 637; *Ins. Co. v. Bennett,* 90 Tenn. 256; *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751 (802); 1 Beach on Insurance, § 259; *Mallory v. Travelers Ins. Co.,* 47 N. Y. 52; *Couadeau v. American Accident Co.,* 95 Ky. 280.

But it is urged by counsel for defendant that from the testimony the inference might be drawn that the injuries were not the result of an accident. In support of this contention our attention is directed to the fact that the deceased claimed that he had not been injured, but that what was said to be burns upon

his body resulted from natural causes; that in attempting to treat himself he may have applied lotions which caused what was afterwards denominated burns upon his body; and that the injuries may have been inflicted intentionally by some one in circumstances which the deceased did not care to disclose. If it be conceded that the statements of the deceased that he had not been injured are material (a question, however, which we do not determine), we are of the opinion that none of the inferences which counsel attempt to deduce from the testimony will justify the conclusion that the verdict of the jury to the effect that the injuries to deceased were accidentally received is not supported by the evidence. We think the testimony is conclusive that deceased had been burned or injured in one of the ways indicated by the physician. It must be inferred from the testimony that he received his injuries either between 6 and 10.30 p. m. April 10 or between 6.30 a. m. and 7.30 p. m. of the next day. A short time prior to the first date he was in good health. It is not rational to presume that he would intentionally cause the injuries inflicted, nor is there any testimony tending to prove that these injuries were inflicted by some third person. Giving the testimony and the inferences which might be drawn the widest scope, the most that can be said is, that it is possible the injuries were not accidentally received; but it falls far short of establishing conclusively that they were intentionally inflicted by the deceased or some third person. On the contrary, under the rules which obtain in cases of this character it at least supports the presumption that the deceased was accidentally injured. In such circumstances it was therefore the province of the jury under the settled rules of evidence, from the testimony, the facts and circumstances, to determine whether or not the injuries were

accidental, when the testimony elicited on that subject was consistent with the theory of an accident.— *Travelers Ins. Co. v. McConkey, supra; Stephenson v. Bankers Life Ass'n, supra; Standard Life & Acc. L. & S. Co. v. Thornton,* 40 C. C. A. 564; *Ib.* 49 L. R. A. 116; *Fidelity & Cas. Co. v. Love,* 111 Fed. 773; *Jenkins v. Pac. etc. Ins. Co.,* 131 Cal. 121; *Guldenkirch v. U. S. Mut. Acc. Ass'n,* 5 N. Y. Supp. 429.

Each individual case must be judged by its own facts and circumstances. Had deceased been shot or stabbed it might have been said, in the absence of an eye-witness, that possibly he intentionally wounded himself, or that some one else intentionally did so; but these possibilities would not of themselves be sufficient to overcome the presumption against self-destruction or murder. Such a case might be stronger in favor of the theory of accident than the case at bar, but in principle it is no different on the subject of what is *prima facie* established upon proof of death from violent external injuries.

The policy of insurance also provided that the defendant should not be liable for the death of the insured, except his death "resulted proximately and solely from accidental causes." The testimony on the subject that the injuries of deceased were the sole and proximate cause of his death was conflicting. It can be of no particular benefit to undertake to state in substance what the testimony was on this subject. The jury were the judges of the credibility of the witnesses and the weight to be given their statements. There was testimony to the effect that the results which followed the injury as its necessary consequence, and which would not have taken place had it not been for the injury, caused the death of deceased. Testimony of this character is sufficient to support the conclusion that his injuries were the

proximate and sole cause of his death.—*Mutual Acc. Ass'n v. Barry,* 131 U. S. 100 (112).

The policy sued upon provided as follows: "Immediate notice in writing of any accident and injury on account of which claim is to be made shall be given the secretary of said company at New York city, New York, with full particulars and full name and address of the insured." The deceased was injured about April 10. He died May 8 following. Plaintiff was appointed administrator shortly after Emanuel's death, and on the 19th day of July following his decease gave the defendant notice of the accident. Under this state of facts, in connection with the provisions of the policy quoted, counsel for defendant contend that the failure to give notice of the accident to the deceased prior to the date it was given debars the plaintiff from recovering in this action. In other words, the contention of counsel is that the failure to give notice of the accident in the circumstances of this case resulted in a forfeiture of the policy. This question or others of a similar import have been before the courts of last resort many times, with the result that it has been often declared that while notice is a condition precedent to maintaining an action, a failure on the part of the insured or beneficiary under a policy of insurance to comply with its terms with respect to notice after loss will not result in a forfeiture of the policy unless, by the express terms thereof, or by necessary implication, such was the contract of the parties.—*Orient Ins. Co. v. Clark,* 59 S. W. (Ky.) 63; *Flatley v. Phenix Ins. Co.,* 95 Wis. 618; *Woodmen Acc. Ass'n v. Byers,* 62 Neb. 673; *Taber v. Royal Ins. Co.,* 124 Ala. 681; *Vangindertaelen v. Phenix Ins. Co.,* 82 Wis. 112; *Rynalski v. Ins. Co.,* 96 Mich. 395; *Hall v. Concordia F. Ins. Co.,* 90 Mich. 403; *Mason v. St. Paul F. &*

*Marine Ins. Co.,* 82 Minn. 336; *Sun Mut. Ins. Co. v. Mattingly,* 77 Tex. 162; *Lion Fire Ins. Co. v. Starr,* 71 Tex. 733.

There is no suggestion of forfeiture for failure to give immediate notice in writing of accident to the insured in the paragraph of the policy in which that requirement is found, nor is there any general clause to the effect that a failure on the part of the insured or beneficiary to comply with the terms and conditions of the policy shall work a forfeiture thereof. In another clause of the policy relating to proofs of death it is provided that unless such proof is furnished within a specified time from the date of accidental injury, "then and in that case any claim made by the insured or his beneficiary on account thereof shall be forfeited to the company." This would indicate that it was the intention of the parties to limit forfeiture to those particular matters which, according to the terms of the policy, it is said will work that result.—13 Enc. Law (2d ed.) 328; *Steele v. German Ins. Co.,* 93 Mich. 81; *Continental F. Ins. Co. v. Whitaker,* 112 Tenn. 151; *Hartford F. Ins. Co. v. Redding,* 47 Fla. 228; *Gerringer v. N. C. Home Ins. Co.,* 133 N. C. 407.

At least the policy is fairly susceptible of that construction, and it is now a well recognized rule that where the terms of a policy of insurance are not clear or are capable of two constructions the one which is most favorable to the insured will be adopted.— *Travelers Ins. Co. v. Murray,* 16 Colo. 296; *Strauss v. Phoenix Ins. Co.,* 9 Colo. App. 386; *Atlantic Ins. Co. v. Manning,* 3 Colo. 224; *Queen Ins. Co. v. Excelsior M. Co.,* 69 Kan. 114.

On behalf of the defendant it is insisted that the requisite preliminary proof of death required by the terms of the policy was not furnished, and that the action was prematurely brought. Within the time

required by the policy the company received the preliminary proofs of death offered by the administrator. These were returned by the company, with the statement that as neither of the affiants "has any personal knowledge relating to the circumstances connected with the alleged injury and death of William H. Emanuel the affidavits do not afford any proof whatever that the death of the insured resulted proximately and solely from accidental causes. * * * The affidavits inclosed in your letter of the first instant are therefore returned herewith, as the company declines to regard them as proofs within the terms of the policy." Whether or not these affidavits were sufficient is immaterial. The plaintiff was not required to furnish the company in the way of preliminary proofs on the subject of the death of the insured and the cause thereof more than was necessary to establish a *prima facie* case in an action on the policy.—*Aetna Life Ins. Co. v. Milward*, 82 S. W. (Ky.) 364. In other words, it could not require the plaintiff to furnish affidavits of persons having personal knowledge of the injuries which resulted in the death of the deceased, and when it declined to accept preliminary proofs unless they were of that character, or rather demanded preliminary proofs which the policy did not obligate the plaintiff to furnish, it waived the preliminary proofs which the policy did require. The stipulation in the policy that the company should have a certain period within which to pay the claim after the proof of death was received was for its benefit. The object of this provision is twofold: (1) to enable the company to investigate and verify the proofs submitted; and (2) to enable it to make financial arrangements to discharge its obligation.—*Cal. Ins. Co. v. Gracey*, 15 Colo. 70. When, however, as in this instance, it refuses the preliminary proofs tendered, and de-

mands proofs which the plaintiff was not required to furnish, it waived the right to insist on the expiration of the period provided in the policy after preliminary proofs of death were furnished before an action can be maintained on the policy by those who have the legal right to enforce it.

Errors are assigned on instructions requested by the defendant and refused. There is no merit in either of these contentions. The court, of its own motion, either gave substantially the instructions refused on the part of the defendant, or those given were in harmony with the views already expressed on the different propositions discussed and determined, or the instructions requested by the defendant and refused were contrary to the law of the case on these several propositions, or they related to matters not in issue.

The judgment of the district court is affirmed.

*Affirmed.*

Mr. JUSTICE GODDARD and Mr. JUSTICE BAILEY concur.