No. 10,618.

LAGROW *v.* HEAD CAMP PACIFIC JURISDICTION WOODMEN OF THE WORLD.

Decided June 2, 1924.

Action on life benefit certificate. Judgment for defendant.

*Reversed.*

1. EVIDENCE—*Pleadings—Stipulation.* Where it is stipulated that the contents of pleadings may be taken as evidence "the same as if testified to in open court," a verdict being directed for defendant, statements of fact contained in the replication must be accepted as true.

2. INSURANCE—*Premiums—Waiver of Prompt Payment.* Where it is established that an insurance society accepted payment of premiums after the insured was in default, and that it was aware of such default, a waiver is established, and the case does not fall within section 2618, C. L. '21, concerning waivers of the provisions of the laws and constitution of such societies.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Messrs. QUAINTANCE & QUAINTANCE, Mr. A. B. BOUTON, for plaintiff in error.

Mr. GEORGE P. STEELE, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error was plaintiff in an action to recover upon a benefit certificate, issued to plaintiff's son for her benefit, by the defendant in error. The defense is that the deceased certificate holder was in default in his payments of assessments, and that under the terms of the certificate there is no right of recovery. The replication alleged that it was the custom of the defendant association

to allow certificate holders to pay up back assessments without any proceedings for reinstatement, and that it was because of that custom that the certificate holder in this case had allowed his payments to become in arrears. The parties stipulated in open court that the complaint, answer and replication, and the contents of these pleadings might be taken the same as evidence in the case, "the same as if testified to in open court." The court directed a verdict for the defendant, and to review a judgment entered on that verdict, plaintiff brings the cause here.

The plaintiff in error relies upon an estoppel by conduct on the part of the defendant, in that it permitted certificate holders who were in default to make payment, and be continued as members. She relies upon two cases in this court, *Supreme Lodge v. Davis,* 26 Colo. 252, 58 Pac. 595, and *Head Camp Woodmen of the World v. Bohanna,* 59 Colo. 545, 151 Pac. 428. It is claimed that this custom of the local camp to receive payments after default was well known to the head camp, and it is, therefore, estopped to take advantage of the default.

Defendant to meet this point relies on section 2618, C. L. 1921, which provides that: "The constitution and laws of the society may provide that no subordinate body, nor any of its subordinate officers or members shall have the power or authority to waive any of the provisions of the laws and constitution of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members," and a provision in the certificate, made in pursuance of said section, to the effect that no agent or representative of the society shall have power to waive any of the requirements of the certificate. It is contended that the statute and the terms of the certificate render inoperative the rule laid down in the cases mentioned. It is true that the plaintiff cannot rely upon the act of the secretary of the local camp, because the certificate waives that right; but, plaintiff's claim is that the waiver was by the society itself.

The replication, which is by the stipulation made evi-

dence, states that the society had knowledge of this custom, and, since a verdict was directed, this statement, as evidence, must be taken as true. The case then does not fall within the statute nor within the terms of the certificate. A waiver by the society is established by the evidence that payments were made and accepted after the deceased was in default, and the society was aware of such defaults. Under the Bohanna Case, *supra*, then, the plaintiff was entitled to have the case go to the jury.

The judgment is therefore reversed, and the cause remanded with directions for further proceedings in harmony with the views here expressed.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.