No. 11,462.

FRATERNAL AID UNION *v.* MURRAY.

Decided April 4, 1927.

Action on fraternal benefit certificate. Judgment for plaintiff.

*Affirmed.*

1. INSURANCE—*Fraternal—Secretary—Agency.* The local secretary of a fraternal insurance society is the agent of the supreme lodge, and his knowledge acquired while transacting its business of collecting dues is imputed to the society on the broad principle of agency.

2. *Fraternal—Dues—Estoppel.* The by-laws of a fraternal insurance society provided that dues should be paid the first of each month. Where the secretary of a local lodge customarily accepted payment of dues after the first, it is held, under the facts dis-

closed, that a member who had regularly paid dues—usually after
the first of the month—was in good standing on the 12th of Decem-
ber, the date of his death, notwithstanding he had not paid his
dues for that month, and that the society was estopped from urging
nonpayment of dues under its by-laws as a bar to recovery on his
benefit certificate.

*Error to the District Court of Las Animas County, Hon.
A. C. McChesney, Judge.*

Messrs. TIPTON & TIPTON, Mr. GEORGE R. ALLEN, for
plaintiff in error.

Messrs. NORTHCUTT & NORTHCUTT, for defendant in
error.

*En Banc.*

MR. JUSTICE WHITFORD delivered the opinion of the
court.

PLAINTIFF below, defendant in error here, is the bene-
ficiary named in a benefit certificate issued to Patrick H.
Murray by the Fraternal Aid Union, defendant below.
Murray had been a member of the fraternal society in
good standing for seventeen years. He died Decem-
ber 12, 1923. The society defends the action against it
on the ground that at the time of the death of Murray he
had omitted to pay his monthly dues payable on or be-
fore midnight of the first day of December, 1923, which,
under the by-laws of the society, automatically sus-
pended him from membership, and that by such failure
to pay at the time fixed all rights of the beneficiary under
the certificate were forfeited. Plaintiff replies that it
was the custom of the defendant, at the date of the death
of the insured and prior thereto, to receive dues from its
members after midnight of the first day of the month
when the same became due and payable; that it was the

custom of the defendant to waive the provision of its by-laws with reference to the payment of dues and to accept the same and keep its members in good standing and the certificate in full force and effect, even though dues were not paid by members until after the middle of the month following the due date under its by-laws; that the insured relied on this custom and course of business and made payments of local dues in accordance with such custom, and at the time of his death Murray was a member in good standing, and that by reason of the custom and course of business of the defendant it is estopped from asserting that Murray was delinquent at the date of his death.

Plaintiff had a verdict and judgment and the society brings the case here for review.

Section 2618, C. L. 1921, provides: "The constitution and laws of the society may provide that no subordinate body, nor any of its subordinate officers or members, shall have the power or authority to waive any of the provisions of the laws and constitution of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members."

Section 106 of the by-laws of the defendant society reads: "No officer or member of the Supreme Lodge, except the Supreme President, by his dispensation, nor any local or subordinate lodge, or any officer or member thereof, or any organizer, deputy or agent, shall have authority to change, modify or waive any of the provisions of this constitution."

Counsel contends that the record presents two principal questions for determination: (1) Whether or not under section 2618 of the statute, and the by-law quoted above, a secretary of the local lodge can, by accepting payment of dues out of time, without the knowledge of the Supreme Lodge, establish a new due date in violation of the laws of the society; (2) whether or not, under the record in this case, such a new due date has been

established by the acts of the local secretary. We do not so understand the record, or that the questions raised for solution are as stated by counsel.

The real questions for us to determine are whether or not, by the course of conduct disclosed by this record, the defendant society waived a strict compliance with the provision of its by-laws, and if so, whether it is now estopped to assert that the contract was forfeited by the failure of the insured to pay the monthly dues before midnight on the first day of December, 1923.

The contention that the testimony shows that the Supreme Lodge had no knowledge whatever that the local secretary was accepting dues out of time, and that under such circumstances there could not be a waiver of the by-laws when read in conjunction with the statute, cannot be sustained. The plaintiff was not obliged to show that the society had actual knowledge of the practice of the secretary. We have held that the secretary is the agent of the Supreme Lodge, entrusted with its business, and the knowledge of the local secretary acquired while transacting its business of collecting its dues is imputed to the society upon the broad principle of agency. *Supreme Lodge v. Davis,* 26 Colo. 252, 58 Pac. 595; *Peterson v. Modern Woodmen,* 127 Wash. 412, 220 Pac. 809.

It appears that prior to 1920, and at the time when Murray became a member, lodge dues were payable monthly any time before the last day of the month. In September of that year the by-laws were amended, so that dues were payable before midnight of the first day of the month. The evidence abundantly establishes that from September, 1920, to the date of Murray's death, the practice and custom of the society prevailed of allowing the insured and other members to pay monthly dues after the due date fixed by the by-laws, and that the receipts given by the secretary for belated dues were uniformly antedated, so that the date of the receipt made it appear that the dues were paid in apt time. During

the years 1920, 1921, 1922 and 1923, the record shows that Murray paid his monthly dues not to exceed six times on the due date, and that all other payments during those years were allowed to be paid and accepted by the society after the time fixed by the by-laws, without any protest, remonstrance or unfavorable action by the society, and in harmony with this practice payments of dues were received shortly prior to Murray's death on August 15 and September 19, 1923. By this uncontradicted evidence a course of dealing is clearly established whereby for nearly four consecutive years Murray was permitted to pay his monthly dues long after they were due under the by-laws, with the acquiescence and sanction of the society.

We have held that where by a course of dealing a fraternal society like the plaintiff in error has led its members to believe that prompt payment will not be required, and that dues will be received after the due date fixed by the by-laws and its members still recognized by the society as in good standing, it is a waiver of the strict terms of the provisions of the by-laws, and the member will remain legally in good standing for such reasonable time after the due date as has theretofore been allowed him in which to pay dues. *Woodmen v. Bohanna,* 59 Colo. 545, 151 Pac. 428; *Lagrow v. Woodmen,* 75 Colo. 466, 226 Pac. 1086; *Behnke v. Modern Brotherhood,* 167 Minn. 104, 208 N. W. 542; *Wittensten v. Brotherhood* (Minn.) 210 N. W. 853; *Peterson v. Modern Woodmen, supra.*

Therefore, under such circumstances as here disclosed, the automatic suspension from membership and forfeiture of the rights under the certificate did not occur. By the custom and sanction of the society Murray was in good standing on December 12, 1923, since by custom the time of extension to him for payment of his monthly dues had not expired, and although the dues for that month were never paid, the society under such circum-

stances is estopped from urging its by-laws as a bar to recovery. *Peterson v. Modern Woodmen, supra.*

We find no error in the record which would warrant a reversal, and the judgment of the district court is therefore affirmed.

Mr. Justice Denison dissents.