## No. 12,561.

GREAT AMERICAN INSURANCE COMPANY, NEW YORK *v.*
SCOTT.

(299 Pac. 1051)

Decided May 4, 1931. Rehearing denied June 1, 1931.

Mr. JOHN T. BOTTOM, for plaintiff in error.

Mr. REES D. REES, Mr. C. E. WAMPLER, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

L. R. SCOTT, in the Denver district court, sued to recover damages to his wheat crop in eastern Colorado occasioned by hail and covered by two insurance policies of the defendant, Great American Insurance Company, New York. He had judgment on a verdict for $2,193.38, to review which the insurance company prosecutes this writ.

It is urged: (1) That the motion for change of venue should have been granted; (2) that the complaint fails to state sufficient facts; (3) that waiver cannot be proven under general allegation of performance; (4) that the evidence is insufficient.

1. The motion sought a change of venue to Yuma county charging that the real property involved in the action was there situate; that the hail insurance was payable there and that the convenience of witnesses necessitated the change. The motion was properly denied. The suit is for breach of contract and not for damages to real property. The fact that the crops were growing on plaintiff's land in Yuma county is immaterial. The defendant, being a nonresident of Colorado, the proper county in which to institute action was that

"designated in the complaint." Code 1921, section 29; *New York Life Co. v. Pike,* 51 Colo. 238, 117 Pac. 899. It was not error to deny a motion for change of venue on the ground of convenience of witnesses, because an abuse of discretion was not shown. *Enyart v. Orr,* 78 Colo. 6, 238 Pac. 29.

2. The complaint charged that defendant executed and delivered two hail insurance policies insuring the plaintiff against damages to his crops in the aggregate amount of $3,120; that on June 25, 1928, a hail storm damaged his crops in the aggregate amount of $2,185.76; "that the plaintiff furnished the defendant on the 27th day of June, 1928, a written notice of loss and otherwise performed all of the conditions of said policy on his part; that on or about the 6th day of August, 1928, the defendant appointed three adjusters who visited the fields and adjusted the loss and notified the plaintiff that his loss by hail as aforesaid was in the several sums hereinbefore set out; that said adjustment was made in writing by adjusters selected and appointed by the defendant company as the defendant's agents in relation thereto and was accepted by this plaintiff and agreed to by both parties; that within a few days thereafter and prior to the 15th of August, 1928, the defendant company repudiated said adjustment and informed this plaintiff that they would not be bound thereby and that they would not recognize the plaintiff's loss and denied all liability therefor; that the defendant has not paid said loss nor any part thereof."

 It is contended that the complaint is defective because it does not charge that the plaintiff *duly* performed all the conditions of the contract. The allegations of the complaint substantially complying with the Code, section 72, relative to performance, the complaint is not vulnerable on this ground. *National Surety Co. v. Queen City Co.,* 63 Colo. 105, 164 Pac. 722; *Board of Public Works v. Hayden,* 13 Colo. App. 36, 56 Pac. 201. If it were otherwise, still the charge of adjusted losses and

repudiation thereof by the insurance company was sufficient allegation of waiver of such performance. *Helvetia Ins. Co. v. Allis Co.*, 11 Colo. App. 264, 53 Pac. 242.

3. Waiver may be proven under a general allegation of performance. *Atlantic Ins. Co. v. Manning*, 3 Colo. 224; *Southern Surety Co. v. Farrell*, 79 Colo. 53, 244 Pac. 475. However waiver was pled by alleging an adjustment.

4. The record discloses that after the two insurance policies were issued and on June 7, 1928, plaintiff's crops were slightly damaged by hail for which recovery was not sought by plaintiff; that on June 25th, another hail storm severely damaged plaintiff's crops. Notice of the second loss was promptly given by plaintiff, but no proof of loss as required by the policy was furnished. Evidence introduced by the plaintiff supported his contention that the various conditions of the policy required to be performed by the insured were not performed because defendant refused to pay for the loss occasioned by the second hail storm unless the plaintiff signed a nonwaiver agreement covering the first. Subsequently D. D. Thomas, one of the adjusters of defendant, authorized John Brenner, another adjuster of said company, to select appraisers and make an adjustment of plaintiff's second loss; that pursuant to said authorization, E. W. Lehman, together with Ed. Ramcier and John Brenner spent two days investigating the damage to plaintiff's crops and determining the amount of loss in each field except one. The reports of these losses were made out upon the defendant's customary ''hail loss work sheet'' and signed ''E. W. Lehman, adjuster,'' ''Ed. Ramcier and John Brenner, witnesses to tests.'' The amount of this adjustment was thereafter communicated to and accepted by plaintiff.

Evidence introduced by the defendant tended to prove that there had been no adjustment contemplated or authorized; that men were sent to plaintiff's fields merely to appraise his losses; that plaintiff refused defendant's

agent permission to go upon his property and investigate the damage; that it was impossible to determine from investigation what loss was occasioned by the first and by the second hail storm; that plaintiff failed to comply with the requirements of said policies and that therefore defendant was not liable.

A recitation of all the facts shown in the record is unnecessary. It suffices to say that therefrom the jury could have found either for the plaintiff or the defendant.

█ The insurance company insists that because the policy contains a clause prohibiting waiver, none can be proven. Such is not the law. Notwithstanding the specific inhibition of waiver contained in its policy, the law does not permit an insurance company to avoid liability on account of nonperformance of conditions required by the policy to be performed by the insured where, as here, the conduct of defendant's agents caused such failure. *Farmers & Merchants Ins. Co. v. Nixon,* 2 Colo. App. 265, 30 Pac. 42; *California Ins. Co. v. Gracey,* 15 Colo. 70, 24 Pac. 577; *Preferred Acc. Ins. Co. v. Fielding,* 35 Colo. 19, 83 Pac. 1013; *Prudential Ins. Co. v. Hummer,* 36 Colo. 208, 84 Pac. 61; *Hartford Ins. Co. v. Hammond,* 41 Colo. 323, 92 Pac. 686; *German Am. Ins. Co. v. Hyman,* 42 Colo. 156, 94 Pac. 27; *Jennings v. Brotherhood Acc. Co.,* 44 Colo. 68, 96 Pac. 982; *London Co. v. Officer,* 78 Colo. 441, 242 Pac. 989; *Fraternal Union v. Murray,* 81 Colo. 236, 254 Pac. 997; *Insurance Co. v. Baker,* 84 Colo. 53, 263 Pac. 585; *Helvetia Ins. Co. v. Allis Co., supra; Atlantic Ins. Co. v. Manning, supra.*

█ If the evidence introduced by plaintiff is to be believed, and it was believed by the jury, defendant refused to pay the second loss unless plaintiff signed a non-waiver agreement covering the first. Defendant having insisted upon such condition thereby waived its right to deny liability. Under the evidence, the jury had a right to determine that an adjustment of the loss had been made, in which event, defendant waived performance of conditions required of plaintiff.

104

The instructions given by the court adequately covered the law of the case and no error is found in the exclusion of instructions tendered by defendant.

█ In the last analysis this case presents merely the question of credibility of witnesses. We have repeatedly held where, as here, there is sufficient evidence to sustain the allegations of the complaint, even though diametrically opposed evidence has been introduced by the defendant, a verdict based thereon will not be disturbed.

Judgment affirmed.