THE plaintiff, Teresa Nolan, a minor, is the beneficiary, so designated as such, in a benefit certificate issued to Thomas Kearins by the defendant Brotherhood of Maintenance of Way Employees, an unincorporated association composed of local unions throughout the United States and Canada, organized to improve the condition of its members generally, and particularly providing for certain benefits on the death of a member. Kearins died in December, 1925. He was then, and for a period of more than twenty-five years had been, a member of the defendant organization. The material and controlling facts in this case are not in dispute. The defendant offered no testimony at the trial. The only defense pleaded and relied upon by the defendant is that Kearins was not a member in good standing and entitled to death benefits at the time of his death because he was delinquent in the payment of his quarterly dues and had not paid the same on the day designated by the constitution and by-laws of the defendant organization. The plaintiff in her replication admits that payments of dues were not made on the days designated by the constitution and by-laws of the defendant. She pleads a waiver by the defendant, through general custom, of those provisions of its by-laws requiring payments of dues at the times *Page 183 
designated and according to the terms thereof. The evidence in behalf of the plaintiff, without any contradiction, shows that not only Kearins was often late in the payment of his dues, but that a majority of the members of the local lodge did not pay dues on the dates provided by the constitution and by-laws of the defendant Brotherhood, and that Kearins and these other members were never dropped or treated in any manner different from the treatment accorded to members, if any, who paid up strictly in accordance with the provisions of the defendant's constitution and by-laws; that such deferred payments were always accepted by the defendant's secretary without objection or protest either by him or the parent lodge which had knowledge of the same. To the contrary, the secretary applied the payments on the arrears of the members when payments were made so as to make their membership continuous. Kearins, as stated, died December 13, 1925. The time for the next preceding payment of his dues was November 1, 1925, but he did not make this payment until November 22 of that year, but at the time of his death all of the payments that he was obliged to pay had been made, although the latter payment was not paid on the due date.
[1] Trial was to the court without a jury and the court found all of the facts in favor of the plaintiff and gave judgment in her favor for approximately the sum of $500 which was the amount due and payable if the plaintiff was entitled to a recovery at all. We think the decision of the trial court was right and is sustained by the great weight of authority in this country and by three previous decisions of this court. Woodmen v. Bohana,59 Colo. 545, 151 Pac. 428; LaGrow v. Woodmen, 75 Colo. 466,226 Pac. 1086; and Fraternal Union v. Murray,81 Colo. 236, 254 Pac. 997. In the Bohanna case is the following statement by Judge Bailey, the author of the opinion: "By the uncontradicted evidence a course of dealing with Bohanna is established, whereby for years he was permitted to pay his monthly assessments long *Page 184 
after they were due, with full knowledge on the part of the Head Camp, for Bergen's knowledge was its knowledge, a proposition fully supported by this court.Supreme Lodge, Knights of Honor v. Davis, 26 Colo. 252,58 Pac. 595. Was that custom and practice abrogated in October, 1904, as Bergen testified it was? As has already been seen on this point the evidence is in conflict. The jury found that issue against the society, and by such finding this court is bound."
The opinion further proceeds to state that it is an established doctrine by the courts of this country generally, including the United States Supreme Court, that, where by a course of dealing, a company like this had led a member to believe and understand that prompt payment of assessments will not be required, but they will be received and accepted after due, and the member will be considered in good standing notwithstanding a delay in payment, the company will be held to have waived prompt payment, and the member will be deemed to be in good standing for such reasonable time after an assessment is delinquent as has theretofore customarily been allowed him in which to pay dues. In the LaGrow case, supra, it was held in an opinion by Mr. Justice Teller, that where it is established that an insurance society accepted payment of premiums after the insured was in default, and that it was aware of such default, a waiver is established.
The trial court held that prompt payment of dues had been waived, since both the local agent and the parent organization were aware of such delinquencies, and received and accepted the payments for a series of years made after the due dates. When Kearins paid his dues on November 22, 1925, they were received without question by the local agent and transmitted to the parent brotherhood and received and retained by it without any question until this action was brought. The brotherhood, notwithstanding that Kearins, as well as other members, were customarily late in the payment of dues, received *Page 185 
for a long period of time such dues after the due date and retained the same and in the meantime took no steps whatever to suspend these delinquent members, but applied the delinquent payments when they were later made, and this had the effect to keep their membership continuous and alive and estops the brotherhood to deny the member is not in good standing because of neglect to make payment of dues on the due date.
The judgment is right and it is accordingly affirmed.
MR. JUSTICE BUTLER and MR. JUSTICE BURKE dissent.