HEWITT v. THE WATERTOWN FIRE INSURANCE COMPANY.

1. **Insurance:** CONSTRUCTION OF POLICY: "GRAIN." A policy of insurance which included "grain in stack and granary" was held to insure a stack of flax, which was raised for the seed and not the fiber, flaxseed being grain, within the meaning of the word as used by the parties.

*Appeal from Fayette District Court.*

THURSDAY, DECEMBER 16.

ACTION on a policy of insurance against loss by fire. The property insured consisted of a dwelling-house and household furniture, provisions and wearing apparel therein, "grain in

stacks and granary on farm," and horses on "farm and commons." The property destroyed by fire consisted of one hundred and fifty bushels of unthreshed flax in stack on the farm. The flax was "raised solely for seed, and not for the fiber thereof." The defendant demurred to the petition on the ground that the loss of flaxseed was not within the terms of the policy. The demurrer was overruled, and defendant appeals.

*I. W. Rogers & Son*, for appellant.

*Ainsworth & Hobson*, for appellee.

SEEVERS, J.—The sole question to be determined is whether the word grain as used by the parties includes flaxseed. Mr. Webster says: "Grain signifies corn in general, or the fruit of certain plants which constitute the chief food of man and beast, as wheat, rye, barley, oats and maize." It does not necessarily follow from the fact that certain kinds of grain are named that there may not be others that as clearly come within the definition as those named. Certainly buckwheat is grain, although not specially named. It is so because it is clearly an article of food when prepared as usually used, but we believe it is seldom if ever used as food in its natural state.

1. INSURANCE: construction of policy: grain..

Measurably, at least, this can be said as to flaxseed. After it has been ground and the oil largely extracted, the residuum is the "oil cake" known to commerce, which is largely if not exclusively used as food for cattle and other beasts, and is highly nutritious. This being so, flaxseed comes within, to an extent at least, the definition of grain given by Mr. Webster; that is, it is an article used as food for man and beast.

But if it be conceded flaxseed is not grain, strictly speaking, or is not so regarded in commercial transactions, this cannot be regarded as decisive of the question before us. For the rule is that this contract, "like other contracts, must receive the construction which is most probable and natural under

the circumstances, so as to attain the object which the parties to it had in contemplation in making it." It was accordingly held in *Decatur Bank v. St. Louis Bank*, 21 Wall., 294, the term cattle included hogs, and in *The State v. Williams*, 2 Strobhart, 474, that the legislative intent in making it larceny to take cotton, rice, "corn or other grain" from a field was to include peas, or in other words that "other grain" included peas. In *Holland v. The State*, 34 Ga., the statute provided, "it shall not be lawful for any person in this State to make any spirituous liquors out of any corn, wheat, rye or other grain, except for medicinal purposes," and it was held that "sugar cane seed" and "millet" were within the meaning of the words "other grain," both being grain as such word was used by the legislature.

In the case at bar the parties must, we think, have intended the policy to cover whatever was usually and ordinarily stacked on the farm or put into a granary. The term grain was used, as being sufficient for this purpose. Wheat, rye, oats and flax would ordinarily be stacked together, and from the combustible nature thereof if the wheat caught fire the flax would ordinarily be burned if the wheat was. The intent of the plaintiff undoubtedly was to insure his crop raised on the farm and put into stacks or into a granary, and the company must, we think, have so understood and executed the policy with the intent of insuring the property in question.

As an abstract question, and with no reference to the intent of the parties, it is difficult to say as a matter of law in all cases that flaxseed is not grain, or may not have been included in such term. If this be so, the demurrer was properly overruled. We, however, are content to ground our opinion upon the rule above stated, and what must be held to be the intent of the parties.

AFFIRMED.