### HART v. CITY THEATERS CO.

(Supreme Court, Appellate Term. March 23, 1911.)

1. PLEADING (§ 214*)—DEMURRER—ADMISSIONS.
   A demurrer to a defense in an answer admits the facts alleged in the defense.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

2. CONTRACTS (§ 105*)—VALIDITY—LEGALITY OF OBJECT—VIOLATION OF STATUTE—BUILDING CODE.
   Plaintiff agreed with defendant that defendant might cut a door through plaintiff's wall and use the stairway of plaintiff's building as an exit for its theater. The Building Code provides that all stairways, etc., of any structures used for theatrical purposes, or as a theater, shall be completely fireproof; and the building department refused to permit

the use of plaintiff's premises, for the reason that the premises were not fireproof. *Held*, in an action by plaintiff for the agreed payments, that as the agreement, if carried out, would involve a violation of the Building Code, which has the force of law, the defendant's obligation was void.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 478; Dec. Dig. § 105.*]

3. CONTRACTS (§ 105*)—VALIDITY—LEGALITY OF OBJECTS — KNOWLEDGE AND INTENT.

The fact that, at the time a contract in contravention of the law is made, the parties knew the law, is without effect as to the validity of the contract.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 105.*]

Appeal from City Court of New York, Special Term.

Action by Edward Hart against the City Theaters Company. From an interlocutory judgment of the City Court of the City of New York, overruling plaintiff's demurrer to defenses in the answer, plaintiff appeals. Affirmed.

Argued before SEABURY, BIJUR, and PAGE, JJ.

Walter J. Rosenstein, for appellant.

Charles L. Hoffman (Henry A. Friedman, of counsel), for respondent.

SEABURY. J. The defendant is the owner of the City Theater. The plaintiff is the lessee of the adjoining premises on the west and south. The present action is upon an agreement, the purpose of which is to permit the defendant in the use of its theater to cut a door through the plaintiff's westerly wall and use the stairway of plaintiff's building as one of the exits from the theater for the use of the audience. For this privilege the defendant agreed to pay $1,200 per annum in monthly installments, and this action is brought to recover installments for six months. The answer of the defendant alleges the illegality of the contract sued upon as a defense.

[1] The demurrer admits the facts alleged in the defense. For the purposes of this appeal, therefore, it is conceded that the defendant's theater is fireproof, and that plaintiff's building is entirely non-fireproof; that written plans and specifications for the work were prepared by defendant and submitted to plaintiff, and application duly made to the building department of the city of New York for a certificate approving the same and approving the work called for, and that the building department refused to issue a certificate and expressly disapproved the plans submitted, declined to approve any plans or permit any work for the cutting of a doorway as provided for in said agreement, and expressly disapproved the use of plaintiff's premises as called for in said agreement; that this refusal is based upon the ground that no part of plaintiff's premises "was made or constituted fireproof." It is further alleged that the Building Code provides that all stairways, openings, structures, and all parts of any such structures used for any theatrical purpose, or as a theater, or for the use of any audience or portions of an audience, shall be completely fireproof.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] Taking the facts admitted by the demurrer in connection with the provisions of the agreement which is annexed to the complaint, the following propositions appear to be established: (1) That plaintiff agreed to allow the defendant to cut a door through the wall of his building, which was not fireproof, and to use the stairway as one of the exits from defendant's fireproof theater. (2) That the plaintiff's building, or a part thereof, if used as contemplated by the contract, would be used as a theater, or for the use of an audience or portions of an audience. (3) That the Building Code provides that all stairways, openings, structures, and all parts of any such structures used for any theatrical purpose, or as a theater, or for the use of any audience or portions of an audience, shall be completely fireproof.

Assuming, as we must, that these propositions are correct, it necessarily follows either (1) that the defendant must rebuild the whole of the plaintiff's building, so that it should be a fireproof structure, which the contract does not contemplate it should do; or (2) that the contract, if carried out, would involve an ·illegal and unlawful use of the·plaintiff's building. The Building Code of the city of New York has the force of law, and any contract made in violation of its provisions is void. Burger v. Koelsch, 77 Hun, 44, 28 N. Y. Supp. 460. Under the contract the defendant was required to do a thing which cannot be done without a violation of the law, and it follows that such an obligation is void.

[3] Nor does the fact that at the time the contract was made the parties knew the law alter the situation in any respect. For the purpose of this appeal we must assume that the answer correctly sets forth the provisions of the Building Code. If these provisions are not as comprehensive as they appear to be from the allegations of the answer, that fact will appear upon the trial of the action. In determining the issue raised by the demurrer, we must assume that the allegations of the defense are true.

We think that the learned court below was right in holding the defense alleged to be sufficient in law and in overruling the demurrer interposed thereto.

The judgment appealed from should be affirmed, with costs. All concur.