No. 8552.

NATIONAL SURETY COMPANY *v.* QUEEN CITY LAND AND MORTGAGE COMPANY.

1. PLEADINGS—*General Averment of Performance* is permitted by the code (sec. 72).

2. *Non-performance of Conditions Precedent,* must be expressly pleaded, *Penn. Co. v. Ornauer,* 39 Colo. 498, followed.

3. *Matter Contested but Not Pleaded.* A defense actually urged and tried in the court below, will be considered in the court of review, though not pleaded.

The evidence examined and held not to establish the contention that a defense not pleaded was in fact presented and contested.

4. SURETY COMPANY—*Undertakings of—Surety's Liability.* The surety is not exonerated by alterations or deviations from the exact terms of the contract, where no damages result.

*Error to Denver District Court, Hon. James H. Teller, Judge.*

Mr. GEORGE P. STEELE, for plaintiff in error.

Messrs. PONSFORD & CARNINE, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

THE defendant in error, hereafter called the plaintiff, secured judgment against the plaintiff in error, hereafter called the defendant, upon a contractor's bond. Two trials were had, each to a jury, in both of which the verdict was for the plaintiff. In his opening brief, counsel for defendant says:

"Practically all of the testimony at both trials was directed to an issue whether in the construction of the project, the plans and specifications had been so materially departed from that the surety on the bond was relieved. This particular issue was given to each jury under correct instructions, and will not therefore be discussed here."

Counsel follow this with the statement:

"But another and an equally important issue was offered by the pleadings, which involved the question whether the Queen City Company itself had complied with certain conditions precedent required of it by the terms of the bond. The Surety Company contended that the Queen City Company had not given it the required notice of the failure on the part of the Golden Company to complete the project within the time specified for such com-

pletion.   It is in relation to this question that the errors now complained of were committed."

That portion of the bond, the conditions of which it is now claimed were not complied with, reads:

"3.  If said principal shall in any manner default in the performance of any matter or thing in said contract specified to be by said principal performed, or in the event of said principal abandoning the work provided by said contract to be done by said principal, the obligee shall immediately so notify the Company, and thereafter the Company shall have the right, at its option, to assume and sublet said contract, and to proceed thereunder as if no default or abandonment had occurred;   *   *   *   *   *

9.  All notices and other evidence required by this instrument to be furnished by the obligee to the Company shall be in writing, and shall be forwarded by registered letter addressed to the Company at its principal offices in the City of New York."

We agree with counsel, that practically all of the testimony was directed to an issue whether in the construction of the project the plans and specifications had been so materially departed from that the surety on the bond was relieved.  But we cannot agree that an issue was offered by the pleadings which involved or raised the question that the plaintiff had not complied with the conditions precedent required of it by the terms of the bond pertaining to notice in order to entitle it to recovery. Paragraph 7 of plaintiff's second amended complaint alleges: "That the plaintiff has performed each and every term, provision, covenant and condition on its part to be performed, in said contract and in said bond contained." This method of pleading is permitted by section 72, Revised Code, 1908, which reads:

"In pleading the performance of conditions, precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions, on his part; and if such allegations be controverted, the party

pleading shall establish on the trial the facts showing such performance."

The defendant's answer to this paragraph reads:

"Denies the allegations in paragraph 7 of said second amended complaint contained."

This denial was insufficient to put plaintiff on proof concerning the question of notice. A similar question was under consideration in *Penn M. L. I. Co. v. Ornauer*, 39 Colo. 498 (90 Pac. 846, 505), wherein, at page 505 this court said:

"It is unquestionably true that under a general denial a defendant may introduce any evidence which controverts the facts which plaintiff is bound to establish in order to sustain his action. Under this doctrine, the defendant contends that, under its general denial, it may show that what it calls conditions *precedent* had not been fulfilled. In this complaint there was an averment generally permitted by section 56 of our code, that plaintiff had fully performed all conditions of the contract to be by him performed. Where such an averment of performance of conditions precedent is allowed in the complaint, the rule is that if a defendant relies upon nonperformance, he must specially allege the condition or conditions, on the nonperformance of which he relies, and negative their performance. Bliss on Code Pleading (3d ed.), § 356a; Nash on Pleading 300."

To the same effect are: *Insurance Company v. Allis Co.*, 11 Colo. App. 264, 53 Pac. 242; *Branham v. Johnson*, 62 Ind. 259; *Park v. Holmes*, 22 Ill. 522; *Preston v. Roberts*, 75 Ky. 570; *Kahnweiler v. Phenix Ins. Co.*, 67 Fed. 483; 14, C. C. A. 485; *Hamilton v. Insurance Co.*, 136 U. S. 242, 34 L. Ed. 419, 10 Sup. Ct. 945; *Hamilton v. Home Ins. Co.*, 137 U. S. 370, 34 L. Ed. 708, 11 Sup. Ct. 103; *Breard v. Mechanics' & Traders' Ins. Co.*, 29 La. Ann., 764; *Continental Ins. Co. v. Chase*, 89 Tex. 212, 34 S. W. 93; *Evarts v. U. S. Mut. Acc. Assn.*, 16 N. Y Sup. 27.

The record discloses that the present counsel of defendant did not represent it in the trial court, and in his

reply brief he practically concedes the correctness of the position above outlined, but claims that the question of the time of the service of the notice was treated as an issue; that testimony was offered concerning it and an instruction given in relation thereto, that for these reasons, it must, for the purposes of this hearing, be thus considered. *Anderson et al. v. Sloan*, 1 Colo. 485; *Althoff Mfg. Co. v. Althoff*, 52 Colo. 501, 123 Pac. 326; *Perkins v. Russell*, 56 Colo. 120, 137 Pac. 907, and other cases are relied upon as sustaining this conclusion. We adhere to the ruling in these cases, but cannot agree that the record shows any testimony was offered upon the question as an issue in the case. The defendant offered no testimony concerning it. The only testimony upon behalf of plaintiff which tended to establish when notice of the default of the contractor was given, was when, upon request of plaintiff, the defendant produced a notice signed by the plaintiff to the defendant notifying it of the default, and requesting that it exercise its option of election thereunder. It bore date November 3d, 1911. The time limit for completion of the contract was October the 5th, 1911, but no witness testified as to when the notice was sent. From these dates, it would appear to be about twenty-nine days after the default by the contractor. We cannot agree, however, that the date of the giving of the notice was treated as an issue. It appears to have been raised for the first time upon defendant's motion for a nonsuit, but after this motion was overruled it neither asked to amend its pleadings pertaining to that question, nor offered any testimony concerning it. In this notice the defendant was requested, as allowed by the bond, to exercise its option to assume the contract and complete the work, or designate its unwillingness to do so. When this clause in the bond is considered, it is more consistent with the record to assume that the notice was offered in evidence to show that the defendant had had the privilege of exercising its election to proceed with the work, than that the notice was given at any particular time. It is quite apparent

that the defendant, at that time, thus considered it, for the reason that upon December 26th, following, through its Denver office, it acknowledged in writing the receipt of two notices to the local office, also stated therein that this letter was an answer to the papers sent to the New York office. In this letter it advised that it did not elect to proceed with the contract, having acted upon the notice by electing not to complete the contract as the bond allowed. This election might consistently be construed as a waiver concerning the time within which the notice was to be given:

*Montelius v. Atherton*, 6 Colo. 224; *Insurance Co. v. Allis*, 11 Colo. App. 264, 53 Pac. 242; *American Ins. Co. v. Donlon*, 16 Colo. App. 416, 66 Pac. 249; *Modern American Law*, Vol. 14, p. 49; *Adams v. Colo. Co.*, 49 Colo. 475, 113 Pac. 1010, 36 L. R. A. (N. S.) 412.

It can be said, of course, that the question of waiver was not made an issue by the pleadings, for which reason it cannot be taken advantage of. *Atchison Co. v. Baldwin*, 53 Colo. 416, 128 Pac. 449. This is true unless treated as an issue as defendant claims the question of the time of notice was. These two communications, however, are more consistent as tending to show that the question of waiver was treated as an issue, than the one is as tending to show that the question of the time of notice was thus treated. The fact that the question of the time of giving the notice was not pleaded as a defense or thus treated is borne out by the fact that no waiver was pleaded. This is another reason going to show that neither was considered as an issue. For these reasons the instruction to the jury upon the question of the time of the notice was harmless, even though erroneous, which need not be determined.

By Instruction No. 3, the jury were told, that the defendant being a surety for hire, and having, for a compensation, become surety upon the bond executed by the defendant as surety for the performance of the contract, it could not escape liability by reasons of alterations or deviations from the exact terms of said contract or of said

bond, where no damages are shown to have resulted to said surety by reason of such alterations or deviations; that such a bond was in the nature of an insurance policy and is not to be construed as strictly as a bond executed by a noncompensated surety who signed merely for accommodation of the principal, etc. While the reasons for the rules pertaining to such bonds and the contracts which they are given to secure the fulfillment of, were immaterial so far as the jury was concerned, and should have been omitted, and while there may be cases where such reasons, when stated in an instruction, might constitute reversible error, in the circumstances of this case, we cannot agree that the defendant was prejudiced thereby. The instruction, without the reasons, correctly states the law pertaining to the questions concerning which it was given.

*Empire Co. v. Lindenmeier,* 54 Colo. 497, 131 Pac. 437, Ann. Cas. 1914C, 1189; *Messenger v. German American Co.,* 47 Colo. 448, 107 Pac. 643; *Boppart v. Surety Co.,* 140 Mo. App. 675, 126 S. W. 768; *American Surety Co. v. Pauly,* 170 U. S. 133, 18 Sup. Ct. 552, 42 L. Ed. 977; *Rule v. Anderson,* 160 Mo. App. 347, 142 S. W. 358; *Bank v. Fidelity Co.,* 126 N. C. 320, 35 S. E. 588, 83 Am. St. Rep. 682; *Bank of Tarboro v. Fidelity & Deposit Co.,* 128 N. C. 366, 38 S. E. 908, 83 Am. St. Rep. 682; *Brown v. Title G. & S. Co.,* 232 Pa. 337, 81 Atl. 410, 38 L. R. A. (N. S.) 698; *Hewitt v. Watertown Fire Ins. Co.,* 55 Iowa 323, 7 N. W. 596, 39 Am. Rep. 174.

The former opinion will be withdrawn and the judgment affirmed.

Decision *en banc.*

*Affirmed.*

Chief Justice White dissents.

Mr. Justice Teller and Mr. Justice Allen not participating.

Decided January 2, A. D. 1917. Affirmed on rehearing May 7, A. D. 1917.