McCullough Realty Company, Appellant, v. Laemmle Film Service, Appellee.

**LANDLORD AND TENANT:** Rent—Change in Law Rendering
1 Business Unlawful—Effect. The obligation to pay rent is automatically canceled (a) by the enactment of a valid city ordinance which renders unlawful the business permitted by the lease, and (b) by the vacation of the premises.

**LANDLORD AND TENANT:** Leases—Business Permitted—Specific
2 and General Clauses—Ejusdem Generis—Construction. A *general* clause or word designating the business which may be carried on under a lease, immediately following a specific designation of the business permitted, will be construed, if such is the intent, as including only a business of the like kind and nature as that specifically designated. So held where premises were leased "for Film Exchange and film and *theater supplies* purposes only," it being held that the clause "theater supplies" was limited to supplies incidental to the film exchange business.

**CONTRACTS:** Construction—Mutual Construction—Effect. Princi-
3 ple recognized that the mutual and harmonious construction of a contract by the parties thereto, prior to litigation, is very persuasive evidence of its true meaning.

*Appeal from Scott District Court.*—A. J. House, Judge.

Friday, November 16, 1917.

Action at law to recover rent alleged to be due plaintiff for property situated in the city of Davenport, Iowa, by virtue of a written lease. There was a trial to a jury. The execution of the lease was admitted, and defendant assumed the burden of proof and offered its testimony. Plaintiff moved for a directed verdict, which motion was overruled. Plaintiff offered no testimony, and thereupon defendant moved for a directed verdict in its favor, and the motion was sustained. The plaintiff appeals.—*Affirmed.*

*Cook & Balluff,* for appellant.

*Carl Lambach,* for appellee.

Preston, J.—The facts are not in dis-

1. LANDLORD
AND TENANT:
rent: change
in law ren-
dering busi-
ness unlawful:
effect.

pute, though plaintiff claims the case should have gone to the jury as to one proposition, if its theory of the case be adopted. The action is upon a written lease, one provision of which is:

"Said premises are leased for Film Exchange and film and theater supplies purposes only, and are not to be used for any unlawful or offensive purposes whatever."

The lease further provides that the lessee should not assign or sublet the premises, or any part thereof, without the written consent of lessor. The lease was to run from December 15, 1914, to May 15, 1916. Defendant went into possession and paid rent for nine months. In May, 1915, the city council of the city of Davenport passed an ordinance known as the Building Code, which made it unlawful to manufacture, keep, store, handle or repair any inflammable motion picture films in buildings which are not fireproof, etc., which ordinance was to take effect 60 days after its passage. It is conceded that the building in question is within the prohibition of the ordinance.

By its answer, defendant pleaded the ordinance, and that the further conduct of its business, as contemplated by the lease and as restricted thereby, was entirely forbidden by the ordinance, where the same had been lawful prior to the passage of the ordinance; that, pursuant to the ordinance, notice was duly served upon defendant by the city, requiring it to vacate the premises; that plaintiff caused to be prepared and introduced before the city council an ordinance substantially the same as that afterwards incorporated in the Building Code; and that, by reason of the activities of plaintiff and its agent, the ordinance was passed by the council; that it was importuning the council to pass said ordinance and was actively engaged in securing its passage for the sole purpose of compelling defendant to va-

cate; that, shortly after the passage of the Building Code, plaintiff orally notified defendant to vacate the premises, and was informed by defendant that it would vacate as soon as required by the ordinance, or sooner if a suitable location could be found; that defendant thereafter did vacate and complied with the order of plaintiff and the city; that, by reason of the facts stated, defendant was deprived of the entire beneficial use of the premises.

It is shown by the testimony that the handling of films is 99 per cent of the business of a film exchange; that an office is maintained for film purposes only, and that the films cannot be kept at one place and the office at another; that supplies sold by a film exchange are incidentals carried for the accommodation of film users, and are not a source of direct profit, nor a substantial part of the business; that there are regularly established businesses, of separate and distinct character, that make and sell the different articles used about a theater, or for theatrical performances, and that these are distinct from the film exchange business.

Appellant contends that the principal point in the case is as to whether defendant was deprived of the beneficial use of the premises, and appellee in its argument relies upon this proposition for affirmance. Appellant argues that defendant was not deprived of such use, while appellee contends that it was. There is little, if any, dispute between counsel as to the law of the case. Appellant's legal propositions are: that a partial destruction of the subject matter of the lease does not excuse the payment of rent (citing *In re Bradley*, 225 Fed. 307); and that lessees are not released from liability for rent by the passage of a city ordinance restricting uses of the leased property, if they are not deprived of the beneficial use of the premises, and if the premises may be used for other purposes (citing 24 Cyc. 1148, *Kerley v. Mayer*, 31 N. Y. Supp. 818, *Coffin v. United*

*Mfg. Tr. Co.,* 147 N. Y. Supp. 463). Appellant also cites cases to the effect that a lessee of premises destroyed during the term by fire or by unavoidable accident is not relieved from an express covenant to pay rent unless the destruction is of the entire subject matter of the lease, so that nothing remains capable of being held or enjoyed; and argues that the same rule applies here. On the other hand, it is contended by appellee that, where the lessee is deprived of the beneficial use of the premises by a subsquent change of law, the obligation to pay rent terminates (citing *Hooper v. Mueller,* [Mich.] 123 N. W. 24, *Heart v. East Tenn. B. Co.,* [Tenn.] 113 S. W. 364, *Hart v. City Theaters Co.,* 128 N. Y. Supp. 678); and further, that the term "theater supplies" is ambiguous and of uncertain meaning, and therefore the subject of construction, and that language having a meaning understood by trade can be explained, and such meaning will be adopted (citing *Louis Cook Mfg. Co. v. Randall & Dickey,* 62 Iowa 244); that general words are restrained by the subject matter—the rule of *ejusdem generis* (citing *Mahaffy v. Mahaffy,* 63 Iowa 55, *Easterbrook v. Hebrew L. O. Society,* 85 Conn. 289 [82 Atl. 561], *Jewel Tea Co. v. Watkins,* 26 Colo. App. 494 [145 Pac. 719], *Hawkins v. Great Western R. Co.,* 17 Mich. 57, 9 Cyc. 584); that the objects in view and the purpose of contracting are to be considered (9 Cyc. 587, H, *Chamberlain v. Brown,* 141 Iowa 540, 549); that the conduct of the parties and their practical construction of the agreement will be adopted (*Chamberlain v. Brown,* supra); and that, of two constructions of a lease, that which is most favorable to the lessee will be adopted (*Chamberlain v. Brown,* supra). Appellee contends that the *Bradley* and *Kerley* cases cited by appellant are not in point, because, in the first case, the decision turns on the question of whether a saloon means a place for the sale of intoxicating liquors, and in the *Kerley* case, the question was as to the

kind of a saloon conducted; and that the other cases cited by appellant are not contrary to the holding of the lower court, and appellee's claim.

It is thought by appellant that the premises were used in part only for purposes prohibited by the ordinance, and that, in addition to handling and storage of films, defendant used the premises as an office, which was required for filing appliances and correspondence, and that there was other work done in the office besides handling of films; also that defendant carried other theater supplies outside of films, which it could continue to handle after the passage of the ordinance. It is conceded, however, by appellant that the handling of these incidental supplies was a small part of the business. Appellant contends that the clause in the lease permitting the use of the premises for film exchange and film and theater supplies purposes permits defendants to handle, in addition to the films themselves, film supplies and theater supplies, and that the language should be so construed. And they say that, therefore, the entire beneficial use of the leased premises was not prevented by the ordinance.

2. LANDLORD AND TENANT: leases: business permitted: specific and general clauses: ejusdem generis: construction.

But we think that, under the record made, appellee's contention ought to be sustained. The lease ought to be construed in the light of all its provisions, and the term "theater supplies," as used in the lease, is to be construed in the light of the words and phrases in connection with which it is found. The specific purpose for which the premises were leased is set out; that is, for the conduct of a film exchange, wherein films are to be kept, stored and distributed. This is a particularized line of business, and, concededly, the principal part of the business,—indeed, substantially the entire business. The specific purpose is supplemented by the addition of the general term "theater supplies." Under the undisputed testimony,

the last phrase, as understood in the film business, includes those minor incidentals which are kept by a film exchange for the accommodation of the trade, but necessary to conduct the business: small matters, such as cement, lugs, and other parts which are broken occasionally in moving picture machines and have to be quickly replaced. As said, it is appellee's contention that, under the authorities before cited, the rule in construction of contracts is that a general term, or sweeping clause, following a specific term, is to be construed in the light of the specific term which it follows, and is to include only matters of like kind or nature, and, further, that the general term must be read in the light of the particular business about which the parties were concerned when the lease was made, and they cite *Jewel Tea Co. v. Watkins*, supra, and other cases. See, also, *Emery & Co. v. American Ins. Co.*, 177 Iowa 4. This being so, it would seem that, under the evidence, the entire beneficial use of the leased premises was prevented by the ordinance, for the reason that, under the testimony, the theater supplies which were sold as incidental to the film exchange business were only items of insignificant consequence, and were sold only as incidental to the conduct of the business of a film exchange. They do not constitute a line of business, as conducted by defendant. When the business of conducting a film exchange was prohibited, these incidental items necessarily went with the business. Defendant would have no use for the building as an office if it was prohibited from conducting its business. Appellee puts it this way: that it is a case of nothing for dinner and water for dessert.

3. Contracts: construction: mutual construction: effect.

Furthermore, it would seem from the record that plaintiff itself, by its officers, construed the lease as we do, although it seems that defendant in the lower court claimed that, by the conduct of plaintiff, defendant was

evicted; but they say they do not now make such a claim. They do claim, however, that the conduct of plaintiff in attempting to obtain the passage of the ordinance, or Building Code, and in ordering defendant out of the premises, indicates that plaintiff construed the lease as defendant does. The evidence is undisputed that, when the proposed ordinance came up, the president of the plaintiff company told defendant's officers that they would not be able to occupy the building and would have to make arrangements in some other place, on account of the increased rate of insurance, and that, after the passage of the ordinance, plaintiff's president said to defendant, "I see the ordinance was passed; you people will have to get out of here about the first of July;" and was informed by defendant that that was impossible; that defendant understood it had 60 days after notice from the city; that it would get out after notice from the city; so that it appears that all parties understood that the lease was for a film exchange, and that the clause referred to meant the business that defendants were carrying on. Plaintiff seems to have recognized that, when the Building Code was passed, that ended defendant's business in the building.

Without further discussion, it is our conclusion that the trial court rightly determined the matter, and the judgment is, therefore,—*Affirmed.*

GAYNOR, C. J., WEAVER and STEVENS, JJ., concur.