No. 14,668.

Aetna Life Insurance Company *v*. Mason.

(114 P. [2d] 562)

Decided June 2, 1941.   Rehearing denied June 23, 1941.

Messrs. Smith, Brock, Akolt & Campbell, Mr. R. A. Dick, for plaintiff in error.

Mr. Charles Rosenbaum, Mr. Graham Susman, Mr. Hyman D. Landy, for defendant in error.

160

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court. They are hereinafter referred to as there, or as Mrs. Mason and the company respectively. One Edgar Williamson Walker is referred to as Walker.

Walker, father of plaintiff, held a life insurance policy in the sum of $3,000 in the company, in which plaintiff was the beneficiary. On Walker's death the company refused to pay, claiming the policy had lapsed. This action followed. It was tried to a jury which returned a verdict for the plaintiff, and to review the judgment entered accordingly the company prosecutes this writ. There are twenty-eight assignments. Herein we give no detailed consideration to these, nor to the separate arguments thereon, for the following reason: Counsel for defendant in their opening brief say: "The question submitted to the jury for its decision was whether the $20.10 paid on or about October 16, 1937 was unconditionally paid and received as the balance of the June 28th 1937 premium with interest, in which event the lapse of the policy was waived, or whether the said sum of $20.10 was paid and received in connection with the then pending application for reinstatement." As evidence thereof they quote a statement to that effect from the court's instruction No. 1. Counsel for plaintiff in their answer brief admit this assertion in the following language: "The sole issue in this case, as fairly stated by defendant on page 6 of its brief, and undisputed by both parties as agreed to in the last sentence of instruction 1 is [quoting the statement]."

██ The policy in question was issued March 28, 1933, and the quarterly premium thereon was $35.82. Walker died January 21, 1938. There was a provision in the policy for thirty days grace as to payments. There is evidence that prior to June 28, 1937, eight of the quar-

terly payments were not made on the due date, and in four instances a second installment of the premium was made, received, and credited, after the lapse of the grace period. Of the quarterly payment due June 28, 1937, but $15.82 was paid. The remaining $20.00, with ten cents interest, was paid October 16, 1937, almost three months before the death of Walker. The contention of the company rests upon indefinite and unsatisfactory evidence that there had been filed with it a "request for extension." There is no evidence that this was signed by the insured. The principal conflict is that between the testimony of Alexander, cashier of the company, and the plaintiff. Therefrom inferences favorable to the company might have been drawn by the jury, but these were not obligatory and we can not invade its province. No good purpose can be served by quoting this evidence, nor stating its substance. We have examined it with care and find that it supports the jury's conclusion that the policy had not lapsed.

Considering the course of dealing between the company and the insured, and the admitted history of previous payments, the law applicable and under which the company is bound has recently been stated by this court. *Brotherhood v. Nolan,* 91 Colo. 181, 14 P. (2d) 179. We find no occasion to here quote from that case or restate its propositions.

The judgment is affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE HILLIARD not participating.