## TEBBS & TEBBS et al. v. OLIVETO.

No. 7841.   Decided May 2, 1953.   (256 P. 2d 699.)

See 5 C. J. S., Appeal and Error, sec. 1688. Insufficiency of evi-
dence as ground for new trial. 39 Am. Jur., New Trial, sec. 129.

E. *LeRoy Shields* and *Elias Hansen*, Salt Lake City, for appellant.

B. L. *Dart, Luke G. Pappas* and *Edward Sheya,* Price, for respondent.

WADE, Justice.

This action was brought to recover a premium on an insurance policy which Tebbs and Tebbs Agency claim to have sold to Sam L. Oliveto, a dentist, upon his agreement to render dental services in the amount of $158 to H. C. Tebbs, one of the partners in Tebbs and Tebbs Agency and to pay the remainder of the premium in cash as evidenced by a postdated check for $1050. Dr. Oliveto denied purchasing the policy and claimed that the check for $1050 was given conditionally and was postdated for 30 days so that he would be permitted to retain possession of the policy for that length of time for the purpose of examining and deciding whether to accept or reject it and that he had decided to reject it before the 30 day period had expired. Defendant also pleads that Tebbs' offer to accept $158 of the premium in dental services, which arrangement did not appear in the policy, violated the provisions of Sections 43-7-16 and 43-7-17, as amended, Laws of Utah 1947, c. 63, which sections prohibit any insurance company or its agents from offering inducements to buy insurance which do not appear in the policy, whether by way of re-bate or other method specified therein. This case was tried twice. The first time it was tried before a judge sitting without a jury who found in favor of Tebbs and Tebbs Agency but granted a new trial and the second time it was tried with a jury which found in favor of Oliveto. This appeal is taken by Tebbs and Tebbs Agency from occurences in both trials.

The case was originally commenced by Tebbs and Tebbs Agency and the Occidental Life Insurance Company as plaintiffs. At the time of the trial, after a number of

demurrers had been sustained, The Occidental Life Insurance Company was left in the third amended complaint as the real party in interest, the Tebbs and Tebbs Agency, somewhere along the route not apparent to us here from the record, having failed to come in and amend its complaint on a demurrer sustained against it. At this stage of the proceedings plaintiffs' attorneys having decided that a mistake had been made as to the real party in interest, moved the court to dismiss the third amended complaint without prejudice against both plaintiffs. Upon defendant insisting he was ready to go to trial and objecting to the dismissal of the complaint without prejudice, attorneys for plaintiffs asked leave to dismiss the complaint of the insurance company and to file a fourth amended complaint for Tebbs and Tebbs Agency. The court was uncertain whether it could attach conditions to allowing a fourth amendment to be made but was of the opinion that under Rule 41(d) which provides that,

"If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order",

if it granted a dismissal without prejudice it could stay any new action which might be commenced until costs of the action which had been dismissed including attorney's fees had been paid. Under these circumstances the attorneys for plaintiffs agreed to pay the $150 attorney's fee required by the court as a condition to filing their fourth amended complaint.

Appellants argue that the court erred in requiring them to pay attorney's fees as a condition for allowing them to file their fourth amended complaint because Section 104-14-4, U.C.A.1943 provides that:

"Nothing but the actual, taxable costs of the action accruing on and after the default, not including attorneys' fees, shall be imposed

by the court under the provisions of this section authorizing the imposition of terms as a condition upon which relief is granted."

They concede that Section 104-14-4 was repealed by the adoption of Rules 15 and 60, but argue that since those rules are silent as to whether attorney's fees may be imposed as a condition of granting relief no intention to change the rule of the repealed section is shown.

It is not necessary for us to determine whether under the rules the court may grant attorney's fees as a condition for granting relief of this kind because appellants invited the court to impose such conditions in order to avoid a dismissal and the necessity of starting over again, ■ in which case they did not question the right of the court to require them to pay the costs of the action including attorney's fees as a condition for allowing the prosecution of the second action. Appellants were not entitled to amend as a matter of course either under the rules or the previous statute. And their right to do so was so doubtful that they first asked the court to dismiss their case without prejudice. Neither Rule 41, nor Section 104-29-1, U.C.A.1943, which it superseded, expressly excluded attorney's fees as a part of the costs taxable in case the pending action were dismissed and a new action commenced, as did Section 104-14-4 if an amendment were allowed. Under these circumstances appellants offered to pay attorney's fees as a condition for permission to amend their complaint. Their necessity to amend or dismiss at that stage resulted from their own fault and not from the actions of the court. Under these conditions the court's requirement was neither coercive nor unfair to them, and it not a ground for reversal regardless of whether or not the payment of such attorney's fees are authorized by the rules. See *Supreme Lodge Knights of Honor* v. *Davis*, 26 Colo. 252, 58 P. 595, where under similar circumstances that court held that the party by accepting the condition, even though it may have been erroneously imposed waived the error and could not avail itself of it on appeal.

Appellants also argue that the court erred in granting the new trial. In the order granting the new trial the court stated that it was of the opinion that it had erred in denying defendant's motion to dismiss at the end of plaintiffs' case and that its decision and judgment were against the law. Appellants contend that in granting the new trial for the reasons stated above, the court must have concluded that defendant was correct in his contention that the failure to recite in the policy that part of the premium was to be paid in services barred the action by plaintiffs. It is further argued that if the court erred in such conclusion it erred in granting the new trial since there was sufficient evidence to sustain its original findings that respondent had agreed to accept the policy and had given the postdated check and his promise to perform dental services of the value of $158 as payment for the premium, and therefore the original findings of facts, conclusions of law and judgment should be reinstated and the verdict and the judgment thereon in the second trial should be vacated. Appellants also contend that if the court did not err in granting the new trial the court committed error at the second trial in denying their motion to confine the trial to the question of the validity of the insurance contract and the premium agreement.

Under Rule 59 of U.R.C.P. and Sec. 104-40-2, U.C.A.:1943, a new trial may be granted because the judgment is against the law. If the trial court granted the new trial solely because it concluded that the decision was against the law and it was satisfied with the findings of fact, then it should have limited the new trial to the questions of law and not allowed a new trial of the facts.

Was error committed at the second trial in denying appellants' motion to confine the trial to the questions of law? We think not. Rule 59, U.R.C.P. reads:

"(a) Grounds. Subject to the provisions of Rule 61, a new trial may be granted to all or any of the parties and on all or part of the

issues, for any of the following causes; provided, however, that on a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment:

\*    \*    \*    \*    \*

"(6)  Insufficiency of the evidence to justify the verdict or other decisions, or that it is against law."

In the first trial this case was tried without a jury. Under the above rule, if the court was convinced that its decision was wrong solely because it was against the law, it did not need to grant a new trial but could have opened up the judgment, made new findings and conclusions and entered a new judgment; or it could have specifically limited the issues in the new trial to the questions of law involved. This the court failed to do. Although it indicated in its order for a new trial that it was granted because the court thought it had erred in denying defendant's motion to dismiss the action at the end of plaintiffs' evidence and that its decision and judgment were against the law, it did not go further and limit the issues of the new trial to those questions. Under these circumstances we conclude that one of the grounds for granting a new trial was to re-examine the facts because the court doubted that the evidence was sufficient to sustain the judgment.

We have carefully considered appellants' other assignments of error but find no merit to them.

Affirmed.  Costs to respondent.

CROCKETT and HENRIOD, JJ., concur.

McDONOUGH, J., concurs in the result.

WOLFE, Chief Justice (concurring in the result).

I concur in the result. As to the contention of the appellants that the trial court erred in requiring them to pay attorney's fees as a condition for leave to file their fourth amended complaint, I think that by the superseding of

Sec. 104-14-4, U.C.A.1943, by Rules 15 and 60, the prohibition contained in Sec. 104-14-4 against permitting the imposition of attorney's fees as a condition for the allowance of further amendments was eliminated. I, therefore, deem it unnecessary to consider the correctness of Mr. Justice WADE'S reasoning in arriving at the same result.

Turning now to the contention that the lower court erred in granting a new trial, after the lower court at the first trial had entered judgment in favor of the plaintiffs, a motion for a new trial was made by the defendant upon five grounds, two of which grounds are as follows:

(1) "That the court erred in denying defendant's motion for the dismissal of the action made at the conclusion of plantiffs' evidence;" (2) "That the decision was against law."

Subsequently, the lower court granted a new trial upon those two grounds. It is argued by the plaintiffs that the new trial was granted because the lower court concluded it had erroneously decided a question of law. Were this assumption true, I think we would have to determine whether the lower court at the first trial did actually erroneously determine a question of law, and if we concluded that it had made an erroneous determination of law, then there could be no question but what it was correct in granting a new trial. But if we concluded that the lower court at the first trial did not make an erroneous determination of a question of law, it would seem that the lower court erred in granting a new trial since trial courts have no discretion in determining questions of law—unlike questions of fact. Findings of law under any particular set of facts are for the court to determine correctly. There is no room for choice once the facts are found.

However, while it is not entirely clear from the record, I think the lower court granted a new trial after the first trial because he desired to re-examine questions of *fact* as

well as questions of law. One of the grounds upon which the new trial was granted was

"That the court erred in denying defendant's motion for a dismissal of the action made at the conclusion of plaintiffs' evidence."

The defendant's motion for dismissal which is referred to was as follows:

"Comes now the defendant in this case, and moves the Court to dismiss this action on the grounds and for the reason that upon the *facts* and the law the plaintiff has shown no right to relief, * * *" (Emphasis added).

Thus it will be seen that the defendant's motion for a dismissal of the action which he made at the conclusion of the presentation of the plaintiffs' evidence was that the plaintiffs could not recover upon the facts or the law, and when the defendant moved for and the lower court granted a new trial upon the ground, inter alia,

"That the court erred in denying defendant's motion for a dismissal of the action made at the conclusion of the plantiffs' evidence,"

the lower court may well have concluded that it had not correctly found the facts and desired to re-examine them as well as the law. While that ground is not specified in Rule 59, Utah Rules of Civil Procedure, as one of the grounds for granting a new trial, it is in substance a combination of several grounds therein set forth. When the lower court granted a new trial because it desired to re-examine questions of fact, it in effect granted a new trial because of "insufficiency of the evidence to justify the decision"—one of the grounds specified in Rule 59, Utah Rules of Civil Procedure.

The conclusion that the lower court desired to re-examine questions of fact as well as questions of law when it granted a new trial is further borne out by the fact, as stated by Mr. Justice WADE in his opinion, that the court did not limit the second trial to re-trying questions of law,

as he could have done, and had he desired only to re-examine questions of law, he could have done so under Rule 59 without granting a new trial.

I, therefore, conclude that the lower court, desiring to re-examine questions of fact as well as questions of law, did not abuse its discretion in granting a new trial even though it may have correctly decided at the first trial all questions of law. A new trial having been had, and the jury having found against the plaintiffs on the facts, they have no legal ground for complaint even though the questions of law should have been resolved in their favor.