741 P.2d 734

**In re Declaration of DEATH OF James Thomas COLE.**

**Sandra L. THOMAS, Plaintiff-Appellant,**

v.

**JOHN HANCOCK MUTUAL LIFE IN-SURANCE COMPANY, Defendant-Intervenor-Respondent.**

No. 16555.

Court of Appeals of Idaho.

July 30, 1987.

Philip E. Peterson, Lewiston, for plaintiff-appellant.

Theodore O. Creason of Ware, O'Connell & Creason, Lewiston, for defendant-intervenor-respondent.

SWANSTROM, Judge.

Sandra Thomas, the beneficiary under a life insurance policy issued to her former husband, brought a declaratory judgment action to have her former spouse declared legally dead after he had been missing for several years. John Hancock Mutual Life Insurance Company intervened in the action. Sandra then amended her complaint to ask that John Hancock be required to pay her the policy proceeds, interest, certain unearned premiums, costs and attorney fees. The district court generally granted all requested relief but refused to award attorney fees. Sandra has appealed, contending that the court erred in failing to award fees under I.C. § 41–1839 because John Hancock delayed paying the policy proceeds for more than thirty days after proof of loss was furnished. We reverse.

In 1976, James and Sandra Cole were living in Boise, Idaho. One night, while at work, James Cole disappeared. Two days later he reappeared contending that he had been kidnapped by two men. A ransom demand had been made to Cole's employer. As a result of the investigation criminal charges were filed against Cole. He later pled guilty to one of the charges which the record describes only as "extortion."

On February 4, 1978, John Hancock issued a $25,000 life insurance policy on James Cole naming Sandra as beneficiary.

On March 13, 1978, James Cole disappeared again. His employers reported that Cole had said he had been contacted by an unidentified person that morning who offered to meet Cole with information concerning his prior kidnapping. Cole was last seen by his employers waiting at the meeting place. His pickup truck was later found at the Boise airport but no trace of him was ever found. Sandra filed a claim with John Hancock shortly thereafter to collect on the insurance policy. The claim was refused due to insufficient proof of death.

Sandra continued paying the policy premiums for seven years before she again made claim to the company. In the interim she obtained a divorce, remarried and moved to the state of Washington. On May 7, 1985, she filed a form entitled "Statement of Disappearance" given her by John Hancock. She was later informed that John Hancock required a judicial declaration of death before payment would be made. *See* I.C. § 10–1217, *infra.* After Sandra commenced the action, John Hancock intervened, filing its "answer" requesting that Sandra's "complaint be dismissed and that a declaration of death of James Thomas Cole not be entered." As an affirmative defense, John Hancock alleged that Sandra had failed to provide adequate proof of loss. Four months later John Hancock took Sandra's deposition. Three more months passed. Sandra then amended her complaint to name John Hancock as a defendant; she claimed entitlement to the policy proceeds and other relief. The case proceeded to trial.

Sandra testified briefly. Her deposition, taken by John Hancock, was also offered and received in evidence. The deposition represented a detailed probe of Sandra's knowledge of the circumstances surrounding Cole's two disappearances. Additionally, Sandra introduced the policy and the "Statement of Disappearance" she had given to John Hancock. After Sandra rested her case, John Hancock announced, "We have no evidence that James Thomas Cole is still living and we do not seek to offer any proof in that regard." Accordingly, the court declared that Cole was legally dead and that Sandra was entitled to the policy proceeds. The question of whether she was also entitled to an award of attorney fees against John Hancock was reserved for later submission to the court. That is the question to which we now turn.

Idaho Code § 41–1839 outlines the circumstances under which attorney fees will be allowed in suits against insurers. The relevant section reads as follows:

(1) Any insurer issuing any policy ... of insurance ... which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy ... to pay to the person entitled thereto the amount justly due under such policy ... shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy ... pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.

The policy in question is silent as to how proof of loss is to be furnished. The only provision in the policy relating to this requirement simply states: "Payment will be made upon receipt at the Home Office ... of due proof of the insured's death."

Before we discuss what constitutes "due proof of the insured's death" or "proof of loss" within the meaning of I.C. § 41–1839, we will first discuss one other requirement of this statute. Our Supreme Court most recently addressed I.C. § 41–1839 in *Hansen v. State Farm Mutual Automobile Insurance Company,* 112 Idaho 663, 735 P.2d 974 (1987). In *Hansen* the Court held:

The language of this section is clear and unambiguous. An insured is entitled to an award of attorney fees only if (1) he has provided proof of loss as required by the insurance policy; (2) the insurance company fails to pay an amount justly due under the policy within thirty days of such proof of loss; and (3) *the insured "thereafter" is compelled to bring suit to recover for his loss.*

*... The proof of loss under the statute must be furnished thirty days prior to bringing the action.* [Emphasis added.]

112 Idaho at 671, 735 P.2d at 982. Accordingly, we must determine whether Sandra submitted a "proof of loss," sufficient to establish her entitlement to the policy proceeds, more than thirty days before bringing suit. If so, then John Hancock's failure to pay over the proceeds within thirty days exposes the insurer to liability for attorney fees under the statute. For this purpose we will deem the date of November 8, 1985, when Sandra was granted permission to file an amended complaint naming John Hancock as a defendant in the declaratory judgment action, as the date when an action was "brought against the insurer."

Although Sandra filed an unsuccessful claim shortly after Cole's second disappearance, our determination concerning an adequate "proof of loss" need only focus on the "Statement of Disappearance" which John Hancock acknowledges receiving in May, 1985. Sandra contends this was a sufficient "proof of loss" within the meaning of I.C. § 41–1839. As noted, John Hancock took the position that only a court declaration of death or production of a body would be sufficient under the circumstances to trigger its liability on the policy.

Sandra brought the declaratory judgment action under I.C. § 10–1217:

> The court has the authority through a declaratory judgment to determine that a person who is absent, and who has not been heard from, is legally dead. In making such determination, the court may, at any time, consider all evidence available, and may rule, based on clear and convincing evidence before it, that the person is dead, or that there is insufficient evidence to so rule.

Apparently, this section allows the court "at any time" to determine that a missing person is legally dead, upon proof of certain facts, if the evidence of death is clear and convincing.

Sandra has particularly relied, however, upon a rule of evidence contained in I.C. § 15–1–107, adopted as part of the Idaho Uniform Probate Code. The relevant parts of this section are as follows:

> In proceedings under this code the rules of evidence in courts of general jurisdiction including any relating to simultaneous deaths, are applicable unless specifically displaced by this code. In addition, the following rules relating to determination of death and status are applicable:
>
> . . . .
>
> (c) A person who is absent for a continuous period of five (5) years, during which he has not been heard from, and whose absence is not satisfactorily explained after diligent search or inquiry is presumed to be dead. His death is presumed to have occurred at the end of the period unless there is sufficient evidence for determining that death occurred earlier.

We believe this rule of evidence is applicable in a declaratory judgment action as well as in a probate proceeding. We know of no reason why a distinction should be made between the two types of legal proceedings so far as proof of death is concerned. Indeed, here John Hancock has not questioned the applicability of I.C. § 15–1–107(c). Nor has it appealed from the district court's judgment declaring Cole to be legally dead. Accordingly, we conclude that Sandra could make out a prima facie case establishing that her former husband was dead merely by proving facts sufficient to give rise to the presumption afforded by I.C. § 15–1–107(c). This conclusion has significance in our determination of what constitutes due "proof of loss" as the term is used in I.C. § 41–1839, *supra.*

■ The statutory presumption of death arising from the continued and unexplained absence of the insured may come into play in the enforcement of payment under an insurance policy. 44 Am.Jur.2d INSURANCE § 1941 (2d ed. 1982). An attempt, through a provision in a policy, to deprive a claimant of the benefit of the presumption is not enforceable. *Id.* Some jurisdictions recognize that proof of loss provisions in insurance policies do not require the claimant to present any more proof of the insured's death than would suffice to estab-

lish a prima facie case in a court of law. *See, e.g., Preferred Acc. Ins. Co. v. Fielding,* 35 Colo. 19, 83 P. 1013 (1905); *Da Rin v. Casualty Co. of America,* 41 Mont. 175, 108 P. 649 (1910); *John Hancock Mutual Life Insurance Co. v. Highley,* 445 P.2d 241 (Okla.1968). Idaho statutes do not contain a definition of or a standard for "proof of loss." No Idaho cases have been cited to us, nor has our research disclosed any, which provide guidance here. The policy itself sets out no standard or requirements. Accordingly, we choose to follow the cases cited for the proposition that "proof of loss" requirements cannot be any greater than the requirements for establishing a prima facie case of death in a court of this state.

Under I.C. § 15–1–107, Sandra is entitled to the presumption of death after five years upon proof that (1) Cole has not been heard from during those five years, (2) a diligent search or inquiry occurred, and (3) no satisfactory explanation of the disappearance resulted. Our review of the "Statement of Disappearance" reveals that all three points were sufficiently established in Sandra's responses to entitle her to the presumption. The fact that these responses were not made under oath is immaterial. John Hancock could have, but did not, require the statements to be verified.

John Hancock has argued that in cases of disappearance the thirty-day period for payment of a policy claim after submission of a proof of loss does not allow the insurer a sufficient time to make reasonable investigation of the unusual circumstances of Cole's two seemingly related disappearances. That argument does not help John Hancock here. The company had known of Cole's second disappearance, and had rejected an initial claim, several years before the "Statement of Disappearance" was submitted. After the "Statement of Disap-

pearance" was submitted, more than two additional months elapsed until the declaratory judgment action was filed. Four more months elapsed before Sandra amended her complaint to seek affirmative relief from John Hancock. In the interim, John Hancock had filed its answer to the declaratory judgment action, asking the court not to declare Cole legally dead. Ultimately, however, John Hancock offered no evidence to rebut the proof submitted by Sandra at trial. Nor did John Hancock then argue that the declaration of death should not be made upon the evidence submitted. Essentially, the information furnished in the "Statement of Disappearance" was deemed sufficient at trial to establish a prima facie case for declaring Cole dead. We hold that the same information was sufficient to constitute proof of loss under I.C. § 41–1839.

Accordingly, we reverse the district court's order denying attorney fees. We remand the case for determination of reasonable attorney fees to be awarded Sandra in the action below and on this appeal under I.C. § 41–1839 and I.A.R. 41(d). The record of the trial court indicates that the question of liability for attorney fees was submitted to the court separately, before Sandra's claim for fees under I.R.C.P. 54(e)(5) was filed. Accordingly, the district court shall allow Sandra ten days following remittitur to file her claim for fees and ten days thereafter for John Hancock to file its objections thereto, if any.

WALTERS, C.J., and BURNETT, J., concur.